(19 Misc. Rep. 399.)

FLACK v. O'BRIEN.

(Supreme Court, Special Term, Kings County. February 23, 1897.)

1. PLEADING—LEAVE TO FILE AMENDED ANSWER.
    Leave to file an amended answer will be denied where the answer tendered, both in form and substance, violates the rules of good pleading.

2. SAME—ANSWER—WHAT CONSTITUTES A DEFENSE.
    Admissions or denials in an answer do not constitute "defenses," and should not be so designated, since a denial raises an issue, but a defense consists of new matter affirmatively stated.

3. SAME—ADMISSIONS.
    Code Civ. Proc. § 500, requires an answer to contain a general or specific denial of each material allegation of the complaint controverted; hence good pleading requires denials, and not admissions, in an answer, and formal admissions are uncalled for.

4. SAME—GENERAL VERDICT.
    A general denial of each and every allegation of a complaint, or of a subdivision of a complaint, referred to by number, is sufficient, and is much preferable to the recital in an answer, in hæc verba, of the allegations denied.

Action by Robert C. Flack against Edward C. O'Brien. Defendant moves for leave to serve an amended answer. Denied.

Edward C. O'Brien, for the motion.

H. C. Griffin, opposed.

GAYNOR, J. An inspection of the proposed amended answer which the defendant asks leave to serve leads me to deny the motion. The said proposed answer starts out by pleading admissions and denials of certain allegations of the complaint as a "defense." As strange as this may seem, it is not at all unusual. The science of pleading seems to be quite lost in this state. The distinction between a denial and a defense scarcely remains. The form of this proposed answer is as follows: "For a first defense: He admits the allegations contained in the paragraph marked 'First' in said complaint contained." Then follow, as parts of this so-called defense, subdivisions numbered from "Second" to "Sixth," both inclusive; each consisting mainly of general and specific denials and admissions of allegations of the complaint, as though admissions and denials are a defense, or can be called a defense by our educated profession. The former system of pleading never degenerated as the present system has done. It preserved its scientific character. The present system is scientific, too, and the perplexity and annoyance which the courts suffer from the form and verbiage of pleadings are not fairly attributable to it, but to conditions which may not be well referred to here. The Code of Civil Procedure (section 500) plainly prescribes that an answer must contain—First, a general or specific denial of each material allegation of the complaint controverted; and, second, a statement of any "new matter" constituting a defense or counterclaim,—with leave to plead as many defenses, whether complete or partial, and as many counterclaims, as there may be, each to be separately stated and numbered (sections 507, 508). It would seem that nothing could be plainer than this. The answer is to deny each allegation of the complaint which is contro-

verted. Everything not denied stands as admitted. It is a waste of words to formally admit anything, and very often a cause of subsequent regret. Such denial is all that the answer is to contain, unless there be new matter constituting a defense, viz. matter outside of the issue raised by such denial. A denial is not a "defense" at all, and may not be so designated. A defense consists of an affirmative statement of new matter only. A denial raises an issue upon the whole complaint, or upon some part of it. When such issue has been raised, or if it be not raised, but the complaint be allowed to stand as true, new matter constituting a defense may be set up. If there be no such new matter, then there should be nothing except the denial. Although this is the simple and scientific answer called for by our Code, nevertheless it is the rule to find answers abstruse with express admissions of the complaint, or of parts of it (as though all allegations not denied would not stand admitted, or as though the Code required the answer to make formal admissions instead of denials), or pleading denials as a defense, or setting up facts embraced within the issue raised by a general denial, or by specific denials, as a defense. For instance, it is rare to find an answer in an action for damages for personal injuries caused by alleged negligence which does not plead contributory negligence of the plaintiff as a defense, as though it were a defense, instead of being embraced within the general issue. Courts are habitually perplexed by unscientific and verbose pleadings, whereas scientific pleadings show the issues at a glance.

It is true that decisions are to be found which have helped to unsettle and make abstruse the simple and scientific method of pleading prescribed by the Code, but they do not long survive as authority against the judgment of an educated bar. For instance, though a general denial is not a defense, and may not be called a "defense" at all, and, when reiterated in a statement of new matter constituting a defense, is mere surplusage, and goes for naught, it nevertheless seems to have been decided that a demurrer to new matter pleaded as a defense to an action for libel, on the ground that it was insufficient to constitute a defense, had to be overruled because the general denial, previously pleaded in due form, was found to be reiterated in such plea of new matter. Fletcher v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47. The misunderstanding of another case (Baylis v. Stimson, 110 N. Y. 621, 17 N. E. 144) has led to a very general departure from general denials, in so many words, of each and every allegation contained in the complaint, or in subdivisions of the complaint referred to by number, and to a new, cumbersome, and confusing form of denial, viz. reciting in hæc verba the allegations of the complaint purporting to be denied. Such form of denial is scarcely permissible, and very often results in negatives pregnant instead of denials, by reason of the conjunctives and disjunctives in the allegations thus denied. Stuber v. McEntee, 142 N. Y. 206, 36 N. E. 878. The said case, instead of introducing a kind of answer never before used, either under the old system or the new, only condemned denials of allegations by referring to them as embraced within certain folios of the complaint. In appeal books such folios are

not, as a rule, preserved, and appellate courts are thus unable to determine from such an answer what is denied. The case is no authority for the practice which has grown up because. of it.

The motion of the defendant is denied, with $10 costs, with leave to move again upon an answer drawn in accordance with the Code.