SUPREME LODGE BOHEMIAN SLAVONIAN KNIGHTS, ETC.

*v.*

BOHUMIL MATEJOWSKY *et al.*

*Opinion filed April 18, 1901.*

1. BENEFIT SOCIETIES—*one suing on certificate need not prove member's compliance with rules.* In an action on a benefit certificate it is not incumbent upon the plaintiff, in the first instance, to prove the truth of the statements in the application for membership or the member's compliance with the rules of the society, since falsity of statements or non-compliance with rules is matter of defense.

2. SAME—*plaintiff need not show that the secretary, to whom notice was given, was legally elected.* The plaintiff in an action on a benefit certificate, who has proven the giving of notice of death to the person acting as secretary of the society and in possession of the office and performing its duties, need not prove the legal election of such person as secretary by the record of his election.

*Supreme Lodge, etc.* v. *Matejowsky,* 92 Ill. App. 385, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. CHARLES A. BISHOP, Judge, presiding.

WICKERSHAM & HAYNER, for appellant.

JONES & LUSK, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Branch Appellate Court for the First District affirmed a judgment of the circuit court of Cook county in favor of appellees, against appellant, recovered upon an insurance certificate issued by appellant to Frantiska Matejowsky for the sum of $1000, payable at her death to appellees. To reverse the judgment of the Appellate Court appellant relies upon three propositions, stated by its counsel as follows:

"*First*—Appellees failed to make out a case entitling them to recover, by competent and proper evidence; that the evidence wholly failed to make out a cause of action.

"*Second*—Appellees failed to prove giving notice of the death of Frantiska Matejowsky to the appellant.

"*Third*—The cause of action in this case is several, and not joint."

The first and second of these propositions were raised at the trial by a request of the defendant for an instruction directing a verdict for it. The certificate was issued upon the faith of statements of Frantiska Matejowsky made in her application for membership, and was conditioned that she should comply with the rules of the order. Plaintiffs offered no evidence that said statements were true or that she complied with said rules, and it is insisted that for want of such proof plaintiffs failed to establish their cause of action. It was not incumbent on the plaintiffs to make such proof. (*Continental Life Ins. Co.* v. *Rogers*, 119 Ill. 474; *Phenix Ins. Co.* v. *Stokes*, 149 id. 319.) If defendant claimed there had been any false statements in the application or any failure to comply with rules of the order, it was bound to prove the same as a matter of defense. Defendant offered no evidence that the statements of the application were untrue in any respect, or that there was any failure on the part of the insured to comply with the rules.

The next ground alleged in support of the instruction asked is also stated above as the second proposition, and is, that plaintiffs failed to prove the giving of notice to the defendant of the death of Frantiska Matejowsky. Plaintiffs proved the giving of proper notice to Jos. Pelc, secretary of the lodge which issued the certificate. No objection is made to the form or sufficiency of the notice, and the only objection is that the evidence to prove that Pelc was secretary of the lodge was by parol instead of by the record of his election, and was insufficient. The notice was given by registered letter addressed to Jos. Pelc as secretary of the lodge, and the letter was receipted for by him. The certificate of insurance was signed by Jos. Pelc as secretary, September 7, 1895, and

issued by the lodge, and was evidence against the defendant that he was secretary at that time. There was no evidence that he ceased to be secretary, and the testimony was that he continued to be such secretary in 1896, when the notice was given; that he acted as such secretary and kept the minutes of meetings of the lodge. The plaintiffs, in dealing with the defendant, were not concerned with the question whether Pelc was properly and legally elected, but had a right to give him a notice as the acting secretary, in possession of the office and performing its duties. They were not bound to prove his election by the records.

The third proposition is, that the cause of action is several, and not joint. The certificate was for $1000; to be paid as follows: "To Bohumil Matejowsky, (husband,) $500; Frank, (son,) $500." These beneficiaries were the plaintiffs, and it is argued their interests being several they could not join as plaintiffs. There is no assignment of error authorizing us to pass upon that question. The sixth assignment is the only one that refers in any way to the question whether the cause of action was joint or several, and that does not raise any question of misjoinder. It is as follows: "The verdict of the jury is improper in form, in that it is a joint verdict whereas the cause of action is separate and distinct and not joint." The assignment of error does not question the right to maintain the joint action, but the objection is that in the joint action the form of the verdict is joint. The verdict was in form a joint verdict for the total amount due, but it followed the declaration, and as it could not be otherwise in a joint action it was not improper in matter of form. The assignment of error neither questions the right to maintain the joint action or the entry of a joint judgment, and the question sought to be raised will not be considered.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*