## Supreme Tent of the Knights of the Maccabees of the World v. Minnie M. Stensland et al.

1. INSURANCE—*Where Member of Beneficiary Order Contracts that He Will Be Bound by the Laws of the Order Which Might Afterward be Enacted.*—Where a member of a beneficiary order contracts that he will be bound by the laws of the order which might afterward be enacted, not only he, but also his beneficiary, is bound thereby.

2. SAME—*Prima Facie Case in Suit on a Benefit Certificate.*—The plaintiff makes a *prima facie* case on a benefit certificate when he has put in evidence the benefit certificate and proofs of death, has showed who the beneficiaries are, and proved that the assured had died before the suit was begun. It is not incumbent upon plaintiff to show that the deceased had complied with the rules of the order. If defendant claims that there has been a failure to comply with such rules, it is bound to prove the same as a matter of defense.

3. PRACTICE—*When Defendant Rests His Defense upon a Fact Which is Not Included in the Allegations Necessary to Support the Plaintiff's Case.*—When a defendant intends to rest his defense upon a fact which is not included in the allegations necessary to support the plaintiff's case, he must set it up in precise terms in the answer.

4. EVIDENCE—*Burden of Proof on Defendant to Meet a Prima Facie Case.*—The burden of sustaining an affirmative defense to a *prima facie* case made by the plaintiff does not shift during the trial, but obligates the defendant to prove such defense by a preponderance of the evidence.

5. ESTOPPEL—*By Statements as to Cause of Death in Proofs of Death.*—The statements as to the cause of death, as set forth in the proof of death, do not estop plaintiff from showing, if he can, that the deceased did not commit suicide by strangulation.

6. JURY—*Province to Decide upon Credibility of Witnesses.*—It is the province of the jury and not of the court, to decide in the first instance, upon the credibility of the witnesses and the weight to be given to their respective statements.

Assumpsit, on a benefit certificate. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed December 22, 1902.

March 20, 1895, appellant issued a benefit certificate to Peter A. Stensland. . At that time the by-laws provided that if the assured committed suicide, sane or insane, within one year after the date of the certificate, no benefit should be paid. In 1897 this by-law was changed by extending the time to five years, and in case of suicide within that time appellant should be liable only for the amount of all assessments paid. April 2, 1898, the assured was found dead in his home. The circumstances strongly tended to show that he had committed suicide. The coroner's jury returned a verdict of "suicide by strangulation." The proofs of death, which were signed by appellees, stated that the cause of death was suicide by strangulation. Appellant refused to pay anything more than the amount of the premiums it had received. Thereupon suit was brought upon the certificate. Appellant interposed a plea of the general issue, and a special plea setting up that the deceased had committed suicide, and conceding that judgment should be entered against it for the amount of the paid assessments.

On the trial appellees showed the death of assured, and introduced the certificate and proofs of death; while appellant offered in evidence the by-laws in force during the time the deceased was a member. Then appellees put in testimony tending to show that the deceased did not commit suicide and appellant rebutted with evidence tending to show that he did.

The jury found specially that the deceased did not come to his death by committing suicide with suicidal intent, and also brought in a general verdict for appellees and assessed their damages at the sum of $2,000. From the judgment based upon that general verdict, this appeal was perfected.

H. H. C. MILLER and W. S. OPPENHEIM, attorneys for appellant.

BEACH & BEACH, attorneys for appellees.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

First. The benefit certificate provided that the assured should comply with " the laws of the order now in force or that may hereafter be adopted." When this certificate was issued to the deceased a by-law of appellant declared that if a member committed ' suicide within one year after his admission to the order, sane or insane, the certificate should be void. Afterward, and before his death, this by-law was changed by striking out the words " one year," and by inserting in lieu thereof the words " five years." The assured died within five years next after he became a member of this order. Where a member of a beneficiary order contracts that he will be bound by the by-laws of the order which might afterward be enacted, not only he, but also his beneficiary, is bound thereby. Supreme Tent, etc., v. Hammers, 81 Ill. App. 560, 567.

Second. The burden of proof on the issue of suicide as raised by the special plea was on appellant. Such a defense is an affirmative one. It is substantially matter in confession and avoidance, and should be pleaded.

" When a defendant intends to rest his defense upon a fact which is not included in the allegations necessary to support the plaintiff's case, he must set it out in precise terms in the answer." Coburn v. Traveler's I. Co., 145 Mass. 226.

The appellees made a *prima facie* case when they had put in evidence the benefit certificate and proofs of death, showed who the beneficiaries were, and proved that the assured had died before the suit was begun. It was not incumbent upon appellees to show that the deceased had complied with the rules of the order. If appellant claimed there had been a failure to comply with such rules. it was bound to prove the same as a matter of defense. Supreme Lodge, etc., v. Matejowsky, 190 Ill. 142. This burden of proof being upon appellant, it did not shift during the trial, but obligated appellant to prove such defense by a

preponderance of the evidence. Egbers v. Egbers, 177 Ill. 82, 88.

Third. The statements as to the cause of death, as set forth in the proofs of death, do not estop appellees from showing, if they can, that the deceased did not commit suicide by strangulation.

In Pythias Knights S. L. v. Beck, 181 U. S. 49, the application for membership provided that " if death shall result by suicide, whether sane or insane," etc., then only a certain sum shall be paid on the certificate. The assured was killed by the discharge of a gun at the time held in his hands. The coroner's jury found that he committed suicide. The proofs of death furnished by his widow declared that his death was caused by " suicide." The widow sued to recover the full amount of the insurance. The answer alleged that the assured died from " self-destruction and suicide." The verdict and judgment were for the plaintiff. As to the question now under consideration, the Supreme Court say :

" With respect to this matter the (trial) court charged that there was no estoppel; that the plaintiff could explain the circumstances under which she signed the statement, and that while standing alone it would justify a verdict for the defendant, yet if explained and the jury were satisfied that the death did not arise from suicide, she was not concluded by this declaration. We see no error in this ruling. None of the elements of estoppel enter into the declaration. The condition of the defendant was not changed by it, and if under a misapprehension of the facts she made a statement which was not in fact true, she could explain the circumstances under which she made the statement and introduce testimony to establish the truth."

The widow of deceased testifies that Mr. Edwards, the record keeper of appellant, furnished the proofs of death; that the handwriting in the blanks was his, and that she signed the proofs without reading them or hearing them read.

Fourth. Tested by the principles herein set forth, neither of the instructions offered by appellant, and refused by the court, states the law correctly. The refusal to give them to the jury was not error.

Fifth. If this case had been submitted to us for trial, we might not have reached the same conclusion as did the jury; but it is ,the province of the jury, and not of this court, to decide, in the first instance, upon the credibility of the witnesses and the weight of their respective statements. (Lake Shore & M. S. Ry. Co. v. Foster, 74 Ill. App. 397.) An examination of the record convinces us that there is evidence which, if believed by the jury, fairly tends to support the verdict. The trial judge stands charged with full responsibility to see that a verdict manifestly and clearly against the evidence should be set aside and a new trial granted. He had the same opportunity for seeing the witnesses, for noting all those matters in a trial not capable of record, as had the jury, and when he sustains the action of the jury we must pay large respect to his judgment. In this case the trial judge, after argument, overruled the motion for a new trial, and entered judgment upon the verdict. We can not say that the verdict is so clearly and manifestly against the weight of the evidence that we should, for that reason, reverse this judgment.

The judgment of the Circuit Court is affirmed.