# CASES

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1904.

---

## Augusta R. Lloyd v. Travelers Protective Association of America.

### Gen. No. 11,391.

1. BENEFIT CERTIFICATE—*what matter of defense to action upon.*
Where a benefit certificate is made payable " under the provisions of
the constitution and by-laws of this association," it is not necessary
that the beneficiary suing thereon should, in order to make a *prima
facie* case, show in the first instance that the insured did not violate any
of the provisions of such constitution and by-laws or that his death was
not occasioned by any of the causes in respect to which such associa-
tion was exempted from liability by the conditions or exceptions printed
on the back of the certificate; these are all matters of defense, which to
be availed of must be specially pleaded.

2. GENERAL DEMURRER—*what cannot be reached by.* The fact that
a particular averment in a declaration, though a material one, is argu-
mentative, cannot be reached by general demurrer.

3. AVERMENTS—*when equivalents of each other.* In an action upon
a benefit certificate, an averment as follows: " That the deceased after
the making and delivery of the certificate and while he was an active
member of the association in good standing, to wit, on the 28th day of
May, 1892, came to his death," etc., is equivalent to an averment that the
deceased " has in all things observed, performed and fulfilled all and
singular the matters and things which were on his part to be observed,
performed and fulfilled," etc.

Action of assumpsit. Appeal from the Circuit Court of Cook County;
the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the
October term, 1903. Reversed and remanded. Opinion filed June 30,
1904.

(39)

**Statement by the Court.** This is an action of assumpsit by appellant against appellee on the following instrument:

" The Travelers Protective Association of America
By this certificate of membership certifies, that Geo. H. Lloyd, of Wichita, Kans., is a member of the Travelers Protective Association of America, and is entitled to all the benefits accruing from such membership, under the provisions of the constitution and by-laws of this Association, subject to the conditions printed on the back hereof, and the application for membership, all of which are made a part of this certificate.

Benefits in case of death payable to Augusta R. Lloyd, his wife.

In witness whereof, this Association has caused this Certificate to be signed by its President and Secretary, under the seal of the Association, at St. Louis, Mo., this second day of January, A. D. 1895.
No. 206.                      John A. Lee, President,
(Seal.)                       Louis T. LaBeaume, Secretary."

On the back of the foregoing certificate are printed numerous cases in which if injuries or death be caused, the liability of appellee is, in terms, excluded.

In the declaration it is averred, in substance, as follows: That defendant is now and during all the times hereinafter mentioned was an association of persons incorporated under the laws of the State of Missouri, having (among other things) power to provide for the families of those dependent upon the members of said association or incorporation, and to that end power to issue to such members benefit certificates payable at such times and in such manner as should be provided therein and the laws of said association and such state should permit. Plaintiff avers that, during all the said times, the constitution of said association provided that the members of said association should pay to said association certain membership fees and certain annual dues, and that out of such fees and such dues a benefit fund should be created for such members, in case of accident to them or their death; that, during all the said times, the said constitution provided that a benefit certificate should

be issued by said association to each active member of said association, payable to the person of the family of such member to whom he desired the benefit under such certificate paid in the event of his death, and that in case the death of an active member of said association in good standing should be brought about by accident, within the limitations and conditions of the benefit certificate issued by said association to such member, then $5,000 should be paid by said association to the beneficiary named in such certificate, provided such death should occur within three calendar months after the accident causing it, and satisfactory proof should be presented to said association that such death was brought about within the limitations and conditions of such certificate; that, during all the said times, the said constitution provided that all claims for benefits, under the benefit certificate issued by said association to a member thereof, should be accompanied by the affidavit of the claimant of such benefits, together with the affidavit and certificate of one or more local physicians where the death of such member happened, setting forth fully the cause and nature of such death, and also a certificate covering the same facts by two members of the same state division of said association when possible, or by a similar certificate of two reputable citizens of the vicinity where such death occurred; and that such certificate should be furnished within sixty days after such death, and that there should be no liability upon the part of said association unless this should be done; that heretofore, on the second day of January, A. D. 1895, and thenceforth until his death as hereinafter stated, George H. Lloyd was and continued to be an active member in good standing of said association. And the plaintiff avers that heretofore, to wit, on the second day of January, A. D. 1895, at St. Louis, Missouri, to wit, in the County of Cook and State of Illinois, pursuant to the constitution of said association, and in consideration of the membership of said George H. Lloyd in said association, and of the cancellation of the benefit certificate or certificate of membership theretofore issued to him by said

association and then held by him, the defendant made its certain benefit certificate or certificate of membership, in accordance with the laws of said association and of said State of Missouri, and delivered the same to said George H. Lloyd by the name of Geo. H. Lloyd, in and by which certificate the plaintiff was named and constituted the beneficiary thereunder, which certificate here follows in these words and figures, to wit: (Here follow the certificate above quoted, and the printed matter on the back of it.) And plaintiff avers that after the making and delivery as aforesaid of the certificate last aforesaid, and while the said George H. Lloyd was an active member of said association in good standing, to wit, on the 28th day of May, A. D. 1902, the said George H. Lloyd came to his death by accident within three months after the accident causing such death. And the plaintiff avers that at the time of the making and delivery as aforesaid of the certificate last aforesaid, and from thence to the time of the death of said George H. Lloyd, as aforesaid, the plaintiff was the wife of the said George H. Lloyd, and was dependent upon him, and had an insurable interest in his life. Plaintiff avers that she has done and performed all things in the certificate last aforesaid, the said constitution and the by-laws of said association mentioned on her part to be done and performed, and has in all respects complied with all the conditions of the certificate last aforesaid, and with said constitution and said by-laws, and rendered to defendant within sixty days after the death of said George H. Lloyd as aforesaid satisfactory proofs that the death of said George H. Lloyd was brought about within the limitations and conditions of the certificate last aforesaid, and the affidavits and certificates required as aforesaid by the certificate last aforesaid and said constitution and said by-laws. Yet defendant has not paid to plaintiff said $5,000, or any part thereof, although often thereto requested, but refuses so to do, to the damage of the plaintiff in the sum of $7,500, and therefore she brings her suit, etc.

Appellee demurred generally to the declaration, and the

court sustained the demurrer and rendered judgment for appellee, from which judgment this appeal is taken.

J. M. H. BURGETT, for appellant.

CHARLES C. ARNOLD, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellee's counsel, in support of the demurrer and the judgment sustaining it, contends that the appellant, instead of averring in her declaration that "George H. Lloyd came to his death by accident within three months after the accident causing such death," should have averred that he came to his death " by accident within the limitations and conditions of the benefit certificate issued by the association to him," and that, the latter averment not having been made, no cause of action is stated. In support of this contention Knickerbocker Insurance Co. v. Tolman, 80 Ill. 106, is cited, in which case the court, citing Chitty on Pleading, say : " The general rule is, that where a right is conferred by a clause, absolute and unconditional in its terms, but the right is limited in a subsequent clause, by a condition or exception, the pleader is not required to negative the condition or exception. but it is for the defense to plead it. But where the condition is contained in or referred to by the clause giving the right, then the plaintiff must set out and negative the condition or exception." In the case cited the objection made was that the declaration, which was on a policy of insurance against fire, did not aver to what extent the property destroyed was insured in other companies, in respect to which the court say : " If the clause that appellees should only recover any greater proportion of loss than the amount hereby insured bears to the whole sum insured, had been contained in the clause agreeing to insure the property, then it may be the position of appellant would be correct. But this latter clause is in a subsequent place in the policy and falls within the rule."

Counsel for appellee relies on the reference in the benefit certificate to the constitution and by-laws of the association, the conditions or exceptions on the back of the certificate, and the averment in the declaration that it was provided in the constitution " that in case the death of an active member of the said association, in good standing, should be brought about by accident, within the limitations and conditions of the benefit certificate issued by such association to such member, then $5,000 should be paid by said association to the beneficiary named in such certificate." We do not think the rule as to pleading, on which counsel relies, is applicable to the certificate in question. If the words " under the provisions of the constitution and by-laws of this association " were not in the certificate, the limitations on appellee's right of recovery would be precisely the same as now. She could then only recover subject to and in accordance with the provisions of the constitution and by-laws of the association, in force when Lloyd, deceased, became a member of the association, or which may have been legally modified or changed as to him. In order to make a *prima facie* case, appellant is not bound to prove, in the first instance, that Lloyd, deceased, did not violate any provision of the constitution or by-laws of the association, or that his death was not occasioned by any of the causes in respect to which appellee is exempt from liability by the conditions or exceptions printed on the back of the certificate. These are matters of defense, to avail of which they must be specially pleaded. 4 Joyce on Insurance, sections 3684, 3691, citing numerous cases. In section 3684 the author says : " And if a life policy excepts liability for death from certain causes, it is not necessary to allege in the complaint that the insured did not meet death from any of these causes, since they are matters of defense," citing Employers' Liability Ins. Co. v. Rochelle, 35 S. W. Rep. (Texas) 869, which sustains the text. See, also, the following cases : Tripp, et al., v. Insurance Co., 55 Vt. 100; Coburn v. Travelers Ins. Co., 145 Mass. 226; Western Assurance Co. of Toronto v. Mohlman

Co., (U. S. Ct. of Appeals, Second Ct.) 83 Fed. R. 811, 28 U. S. Court of Appeals, 151; Insurance Co. v. Crunk, 91 Tenn. 377; Blasingame v. Home Ins. Co., 75 Cal. 633.

In Western Assurance Co. of Toronto v. Mohlman Co., *supra*, the policy contained this clause : " The Western Assurance Company, in consideration of $65 premium, does insure for the term of one year from November 12, 1894, at noon, to November 12, 1895, at noon, against all direct loss or damage by fire, *except as hereinafter provided*, to an amount not exceeding $10,000, on stock J. H. Mohlman & Co." One of the exceptions, in the event of which the company was not to be liable, was : " If a building, or any part thereof, fall, except as the result of fire, all insurance by this policy on such building, or its contents, shall immediately cease." Notwithstanding the policy, in the clause agreeing to insure, expressly refers to the exceptions to the company's liability, as does the benefit certificate in this case to the constitution and by-laws of appellee, and the conditions on the back of the certificate, the trial court charged the jury " that the burden of proof rested upon the defendant (the insurance company) to show, by a preponderance of evidence, that the fall preceded the fire," and that the " building did not fall as the result of the fire." and refused to charge the contrary. The Court of Appeals sustained the charge of the trial court, citing authorities.

It is averred in the declaration that the deceased, after the making and delivery of the certificate, and while he was an active member of the association, in good standing, to wit, on the 28th day of May, 1892, came to his death, etc. This averment is, although argumentative, equivalent to the averment that the deceased " has in all things observed, performed and fulfilled all and singular the matters and things which were on his part to be observed, performed and fulfilled," etc., which latter averment is sufficient. 4 Joyce on Insurance, section 3674. The technical defect of the averment in the declaration being argumentative, cannot be reached by general demurrer.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*