[No. 5241.]
[No. 2865 C. A.]

## THE PENN MUTUAL LIFE INSURANCE COMPANY v. ORNAUER.

1.  **Insurance—General Agents—Appointment of Special Agents —Contracts—Filing with Superintendent of Insurance.**

In an action against a life insurance company for commissions, the evidence showed that the defendant company had filed a certificate with the state superintendent of insurance stating that it had appointed a certain person its general agent with full power to appoint or remove all local, special or soliciting agents in this state, and that all such appointments should be valid as if made directly by the company; and it was further shown that such general agent had written plaintiff authorizing him to solicit insurance applications for defendant company in accordance with a certain schedule of compensation, and that plaintiff had accepted the proposition in writing. Held, that the letter of the general agent, being the exercise of the authority conferred by the defendant, and plaintiff's acceptance thereof, constitute the contract, and thereby the general agent made a direct appointment of the plaintiff as a special agent to solicit applications for insurance in behalf of the defendant company; and the mere fact that the certificate of appointment, which is the evidence that the power conferred was set in motion, was not filed with the superintendent of insurance, is immaterial.—P. 502.

2.  **Appellate Practice—Contracts—Instructions—Harmless Error.**

In an action on a contract, where the evidence showed that the contract consisted of three distinct instruments of writing, and each was introduced in evidence, an instruction that the contract "on its face" was a contract between plaintiff and defendant, did not prejudice defendant, since the three documents mentioned imposed the liability on him which plaintiff asserts. —P. 504.

3.  **Contracts — Non-performance — Pleading — General Denial— Evidence Admissible.**

In an action on contract, where plaintiff alleges that he has fully performed all conditions of the contract upon his part, and the answer is merely a general denial, it is not error to refuse evidence offered by defendant tending to show their breach, whether conditions precedent or subsequent, for in order to introduce such evidence the condition and its breach must be set out specifically.—P. 505.

4. **Contracts—Stipulations—Effect.**

In an action on a contract for commissions, defendant denied making the contract, but, to avoid a reference, the parties entered into a stipulation by which certain items of plaintiff's claim were eliminated, and therein was an express reservation that defendant did not acknowledge any liability, but admitted that it had not paid the commissions claimed. On the trial it was shown that the contract was the contract of the defendant. Held, that an affidavit made by plaintiff in bankruptcy proceedings, to the effect that there were no debts due him at the time when, according to the allegations of the complaint, the commissions sued for were due, was not admissible, since the contract was binding on defendant and he admitted the commissions had not been paid.—P. 506.

5. **Insurance—Principal and Agent—General Agent—Appointment of Subagent—Approval of Contract by Principal—Limitation of Power Unknown to Subagent—Sufficiency of Evidence.**

In an action by a subagent against an insurance company on a contract for commissions, made with the general agent, evidence reviewed, and held sufficient to support a verdict on the theory that plaintiff had not been informed of the limitation of the general agent's power with reference to fixing commissions, nor as to the requirement that appointments of subagents must be approved by the company.—P. 508.

*Appeal from the District Court of Arapahoe County.*
*Hon. P. L. Palmer, Judge.*

Action by Harris Ornauer against The Penn Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

Messrs. THOMAS, BRYANT & LEE, for appellant.

Mr. C. C. BROWN, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action to recover commissions which plaintiff claims are due him under a written contract which he made with defendant company. From a judgment for plaintiff, defendant has appealed.

If, in the progress of the trial, the court committed no error in its instructions, or with reference to the evidence, the judgment is right, assuming that the contract sued on is the obligation of the defendant, because we are convinced that the sum awarded by the jury correctly represents the amount of the commissions to which, on such assumption, plaintiff is entitled under the very terms of that writing. We proceed, then, to a consideration of the errors assigned and argued by the appellant company concerning the rulings on evidence and instructions which it claims invalidate the judgment.

1.   It is said that the court erred in holding the contract sued on to be the contract of the defendant. The contract consists of the following letter, written to the plaintiff by the general agent of the defendant, who seems to be doing business sometimes as a firm and at other times in his individual capacity, and its acceptance by the plaintiff:

"DENVER, COLO., Jan. 1, 1895.

"Mr. Harris Ornauer, Denver, Colo.

"Sir:—You are hereby authorized to solicit applications for insurance on lives for The Penn Mutual Life Insurance Company of Philadelphia, Pa., in the states of Colorado and Wyoming, under the control and direction of Jos. H. Harrison, general agent."

Then follows the schedule of compensation for the agent's services. This is signed "Joseph H. Harrison & Co., general agents."

"To Jos. H. Harrison, general agent,
          Denver, Colorado.

"Sir:—I hereby accept the above appointment of agent for The Penn Mutual Life Insurance Company, and agree faithfully to perform the duties in-

cident to the position, in conformity with the general rules and regulations of the company and such instructions as I may receive from the officers thereof, or from the said general agent.

"HARRIS ORNAUER."

Defendant says that upon its face this is a personal contract of the general agent, and not of his principal, the defendant company, citing *Lewis v. Mut. Life Ins. Co.*, 8 Colo. App. 368, and *Mut. Life Ins. Co. v. Lewis*, 13 Colo. App. 528. There was evidence by this defendant tending to show that before the present contract was made, another executory contract between plaintiff and defendant containing the same, or similar, terms was submitted by the general agent to the defendant for its approval, but the same was rejected because the rate of commission therein provided for was greater than the general agent could claim under his own contract with the company. When the defendant returned, with its disapproval, such former instrument to the general agent, the latter advised plaintiff of the same, and told him that if he desired to act as agent for the company upon such rejected terms, the contract must be made, if at all, with him as general agent, and not with the company; and thereupon plaintiff elected to, and did, enter into the contract here sued upon with the general agent upon the distinct understanding that the defendant was not to be bound thereby further than to pay the same commissions as those to which the general agent was entitled. There was also evidence by defendant that before plaintiff accepted this contract and began work thereunder he was notified of a by-law or regulation of the company which required its approval of all contracts entered into in its behalf by its general agents.

Upon the other hand, the plaintiff testifies that

till the trial he never heard of such previous contract, limitations of authority, or regulations testified to in behalf of the defendant; and that the president of the defendant company on several occasions recognized him as the agent of the company, and knew that he was acting in that capacity; that soon after he entered into the contract he began to act as agent of the defendant company, solicited insurance and, as agent, signed applications therefor, and transmitted the same to the defendant company, which was well advised of the capacity in which he was acting.

Upon such, and additional, evidence, hereafter referred to, the court, in one of its instructions to the jury, said that this contract on its face is a contract between the plaintiff and the defendant. The contract which was involved in the *Lewis case, supra,* was somewhat similar to the one now under consideration, and the court there held that on its face it was the contract of Stearns, the general agent, and not that of his company. In that case, under the averment of the complaint that the contract was that of the defendant company, and not its general agent, it was held that evidence was admissible to show that, while *prima facie* the contract was that of the general agent, it was in reality, and according to the intention of the parties, the contract of the company.

Upon the trial was introduced in evidence the following certificate, filed by the defendant company in the office of the superintendent of insurance of the state of Colorado, which was required by its laws:

"To the Superintendent of Insurance of the State of Colorado:

"This is to certify, that The Penn Mutual Life Insurance Company, of Philadelphia, in the state of

Pennsylvania, has appointed and duly authorized Joseph H. Harrison, whose principal office or place of business is at Denver, in the state of Colorado, general agent of said company, with full power and authority to appoint or remove all local, special or soliciting agents for said company in the state of Colorado; and that all such appointments shall be as valid and binding as if made directly by the officers of said company.

"Witness our hand and the seal of said company hereunto attached, at the city of Philadelphia, this eighth day of August, 1887.

                        "H. S. Stephens,
(Seal)                  "Vice-President.

                  "Henry C. Brown,
             "Secretary and Treasurer."

In the *Lewis case* the company gave a certificate similar to the foregoing, and the agent also made a certificate to the effect that he had appointed certain agents in the state of Colorado for his company, among whom was the plaintiff in that case, both of which certificates were filed with the superintendent of insurance. The court, the second time the case was before it, held that, considering the purpose for which such certificates were filed, it was not competent for the defendant to prove facts inconsistent with their terms; that thereby Stearns, the general agent, was given power by the company to appoint agents to represent it, and that the power to appoint, in the absence of limitations upon its terms, included the power to fix compensation.

The defendant here seeks to distinguish this from that case in this, that whereas here it was not in evidence that the general agent had filed with the superintendent of insurance a certificate stating that the plaintiff had been appointed a special agent, such

a certificate was made and filed in the *Lewis case*.
We do not think such omission changes the rule of
law.   The certificates in this, as in that, case, which
were filed by the insurance companies, empowered
the respective general agents to appoint special or
local agents, and in the absence of any limitation
upon the power of the general, which was brought to
the attention of the special, agents, such authority
carried with it the right to fix the compensation of
the latter.   The letter of the general agent intro-
duced in evidence in this case—being the exercise of
the authority conferred by the defendant company—
and plaintiff's acceptance thereof, constitute the con-
tract, and thereby was made a direct appointment
by the general agent of the plaintiff as a special
agent to solicit applications for insurance in behalf
of the defendant company.   The mere fact that the
certificate of appointment, which is the evidence that
the power conferred was set in motion, was not filed
with the superintendent of insurance is immaterial.

We do not say that the court erred in instructing
the jury that *on its face* this is a contract between the
plaintiff and the defendant company, for we may well
presume that by ''contract'' the court meant, and the
jury so understood, the letter of the general agent,
and plaintiff's acceptance; and these, in the light of
defendant's certificate, do constitute it defendant's
contract.   Hence, there was no error.   But if there
was technical error in this instruction, on the sup-
position that by ''contract'' the court meant the let-
ter alone, it was not prejudicial to defendant, because
the three documents mentioned, which it cannot, and
does not, contradict, impose on the defendant the
liability which plaintiff asserts.

2.- The defendant offered to show non-perform-
ance by plaintiff of certain conditions with which he
was required to comply under his contract, and upon

plaintiff's objection the offer was refused. Defendant contends that plaintiff is entitled to certain commissions only in the event of his resignation, without having violated any of the conditions of the contract or rules of the company, and as he did not resign, but was discharged for violating them, he cannot recover. Evidence offered by defendant under the general denial to prove plaintiff's remissness and discharge therefor was not admitted. The position of the defendant is that, under the general denial contained in the answer, this evidence was admissible, while plaintiff says, if defendant wanted to rely upon such non-performance, it should have specially, by way of an affirmative defense, alleged the existence of such conditions, and their breach.

It is unquestionably true that under a general denial a defendant may introduce any evidence which controverts the facts which plaintiff is bound to establish in order to sustain his action. Under this doctrine, the defendant contends that, under its general denial, it may show that what it calls conditions *precedent* had not been fulfilled. In this complaint there was an averment generally permitted by section 56 of our code, that plaintiff had fully performed all conditions of the contract to be by him performed. Where such an averment of performance of conditions precedent is allowed in the complaint, the rule is that if a defendant relies upon non-performance, he must specially allege the condition or conditions, on the non-performance of which he relies, and negative their performance.— Bliss on Code Pleading (3d ed.), § 356a; Nash on Pleading 300, 302, 782.

Our court of appeals in *Insurance Co. v. Allis Co.*, 11 Colo. App. 264, has held that where a good cause of action upon a contract appears on the face of the complaint, if the defendant intends to rely

upon a breach of any condition, the condition and the facts constituting its breach should be set forth in the answer.

In *Mut. Ben. Assn. v. Nancarrow,* 18 Colo. App. 274, that doctrine was again announced. To the same effect are *Kahnweiler v. Phoenix Ins. Co.,* 67 Fed. 483, and *Schneider Brewing Co. v. Amer. Ice-Mach. Co.,* 23 Colo. App. 89. In the former case the Kansas code provisions, the same as ours, and in the latter case our own sections, were construed, and in an elaborate opinion by Caldwell, J., it was held that when a defendant relies upon a condition precedent in a contract as an excuse for not performing the contract on his part, he must set out specifically the condition and its breach.

Whether the conditions are precedent or subsequent, is not argued by counsel, though it would seem they are subsequent, and, if so, and non-compliance therewith is relied on, they must be alleged and their breach stated.—8 Cyc. 558-9. But there was no error in refusing evidence offered by the defendant tending to show their breach, whatever their character, because of the omission from the answer of the appropriate allegations. In addition to the foregoing authorities, see 9 Cyc. 723, and cases cited, and 4 Enc. Pl. & Pr. 663.

3. The defendant offered in evidence the record in a bankruptcy proceeding in which the plaintiff here was a petitioner, and the same was rejected. In this record was what purports to be an affidavit of plaintiff, made at a time when a part of the moneys sued for in this action were, as he now claims, due and owing from defendant company, and therein he says there were no debts, or claims of any kind, then due him. There is nothing in the record to show that this evidence was offered for any other purpose than as a defense to the action. But if it

be assumed that it was offered for the purpose of impeaching the plaintiff, it was, under the facts of this case, not material or relevant.   The plaintiff seeks to sustain the ruling rejecting the offer upon the ground that the impeaching evidence being something reduced to writing by the plaintiff, or some one in his behalf, and signed by him, he could not be interrogated concerning it without the production of the paper itself, and reading or showing it to him, which was not done, and relies upon *Newcomb v. Griswold*, 24 N. Y. 298, and 10 Enc. Pl. & Pr. 284.

Whether this doctrine is applicable to a witness who is also a party to the suit, we need not determine, because for another, and a substantial, reason, we think the ruling may be sustained.   In order to avoid a reference, the parties entered into a stipulation by which certain items of plaintiff's claim were eliminated.   While in the stipulation there was an express reservation that defendant did not acknowledge any liability at all for the reason that it did not enter into the contract, yet it clearly appears therefrom that if the contract was that of the defendant, the commissions claimed by plaintiff, and allowed by the jury, were unquestionably due by the express terms of the contract, for defendant admitted it had not paid them.   Since we have determined that, as matter of law, under the uncontradicted written and record evidence the contract was the contract of the defendant, it conclusively follows that the commissions therein provided for were due and payable. The only object defendant can claim for this affidavit, and the only bearing it can possibly have in the case, is its tendency to negative plaintiff's present contention that there is something due him under this agency contract.   But since the contract binds defendant, and defendant admits the commissions therein provided for have not been paid, its liability

is conclusively established, wholly without reference to the testimony of plaintiff, but entirely upon written uncontradicted evidence. That is, defendant having admitted that it had not paid commissions, which we hold it was legally bound to pay, the rejection of evidence to impeach plaintiff's claim to commissions, which defendant concedes are due, if it is liable at all, is not prejudicial to defendant. Hence it was entirely irrelevant what affidavit plaintiff may have made in the bankruptcy proceeding inconsistent with his claim in the present suit that commissions are due him, and such affidavit in no respect throws light, or bears, upon any other part of plaintiff's testimony here given.

4. The only error complained of in the instructions we have already considered in discussing the first branch of the case. The only substantial conflict in the evidence was as to whether or not plaintiff, before he signed the contract, was informed of the limitation of the general agent's power with reference to the fixing of commissions, and as to the requirement that appointments of subagents must be approved by the company itself. These questions were submitted to the jury under appropriate instructions, and even if we did not agree with the jury in its findings of fact, we cannot, under the established rule in this jurisdiction, set aside its verdict merely because there was a conflict in the testimony. The substantial matter in dispute here is as to who were the parties to the contract sued upon. That question was decided right in the court below. The judgment is affirmed.     *Affirmed.*

Chief Justice Steele and Mr. Justice Gabbert concur.