[Civil No. 2447.  Filed June 2, 1926.]

[246 Pac. 765.]

## SLOVENIC NATIONAL BENEFIT SOCIETY, a Corporation, Appellant, v. ILIJA DABCEVICH, Appellee.

1. INSURANCE — FRATERNAL SOCIETIES ARE EXEMPT FROM PROVISIONS RELATING TO VENUE IN SUIT ON INSURANCE POLICIES, AND ARE GOVERNED BY GENERAL PROVISION ON VENUE (CIV. CODE 1913, PARS. 3387, 3471, 3474).—Civil Code of 1913, paragraph 3474, expressly exempts fraternal societies from paragraph 3387, relating to venue in suits on insurance policies, in view of section 3471, and hence societies are governed by general provisions regulating venue.

2. INSURANCE—SUIT AGAINST FOREIGN BENEFIT ASSOCIATION MAY BE BROUGHT EITHER AT RESIDENCE OF INSURED OR OF LOCAL LODGE, COURT HAVING NO DISCRETION TO CHANGE VENUE (CIV. CODE 1913, PAR. 394, SUBDS. 1, 18).—Under Civil Code of 1913, paragraph 394, subdivisions 1, 18, suit against foreign beneficiary association may be brought either at residence of insured or residence of local lodge or association, and court has no discretion to order change of venue from former to latter.

3. VENUE—DENIAL OF CHANGE OF VENUE IN SUIT ON BENEFIT CERTIFICATE BECAUSE MOST OF WITNESSES LIVED IN ANOTHER COUNTY THAN THAT IN WHICH CASE WAS TO BE TRIED, WHICH WAS DISPUTED, HELD NOT TO SHOW ABUSE OF DISCRETION (CIV. CODE 1913, PAR. 495, SUBDS. 2, 3, AND PAR. 496).—Denial of mo-

---

2.  Locality of jurisdiction of state court over foreign insurance company, see note in 70 L. R. A. 692.

3.  See 25 Cal. Jur. 884.

tion for change of venue under Civil Code of 1913, paragraph 495, subdivisions 2, 3, and paragraph 496, in suit to recover sick benefits under benefit certificate on affidavit of defendant that most of its witnesses and part of plaintiffs' lived in a different county than that in which case was to be tried, denied by counter-affidavits, *held* not to show abuse of discretion.

4. APPEAL AND ERROR—DENIAL OF MOTION FOR CHANGE OF VENUE CAN ONLY BE REVERSED FOR ABUSE OF DISCRETION BY TRIAL COURT (CIV. CODE 1913, PARS. 495, 496).—Action of trial court in denying motion for change of venue, under Civil Code of 1913, paragraphs 495, 496, can only be reversed when it clearly appears that it has abused its discretion.

5. APPEAL AND ERROR—WHETHER TRIAL COURT ABUSED DISCRETION IN DENYING MOTION TO CHANGE VENUE IS DETERMINED BY MATTER BEFORE COURT AT TIME OF MOTION (CIV. CODE 1913, PARS. 495, 496).—Whether trial court abused its discretion in denying motion for change of venue under Civil Code of 1913, paragraphs 495, 496, in suit on benefit certificate must be determined by what was before court at time of motion and not what developed afterward.

6. INSURANCE—INSURER DESIRING TO DISPUTE ALLEGATIONS BY INSURED OF COMPLIANCE WITH CONDITIONS PRECEDENT AND SUBSEQUENT TO VALIDITY OF INSURANCE CERTIFICATE MUST SET UP HIS DEFENSE SPECIFICALLY.—Where insured sues to recover sick benefits under benefit certificate, alleges generally or specifically compliance with conditions precedent and subsequent to validity of certificate, insurer desiring to contradict such allegations must set up his defense specifically and not by mere general denial.

7. INSURANCE.—Whether insured suffered total disability entitling him to sick benefits is question for jury.

---

See (1) 29 **Cyc.**, p. 215, n. 3.   (2) 29 **Cyc.**, p. 215, n. 3.   (3) 40 **Cyc.**, p. 139, n. 61.   (4) 4 **C. J.**, p. 807, n. 19.   (5) 4 **C. J.**, p. 808, n. 27.   (6) 29 **Cyc.**, p. 225, n. 82.   (7) 29 **Cyc.**, p. 247, n. 64.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Affirmed.

Mr. James P. Lavin, Mr. M. L. Ollerton and Mr. Thomas J. Croaff, for Appellant.

Messrs. Cox & Carson, for Appellee.

---

4.   See 25 Cal. Jur. 918; 27 R. C. L. 827.
6.   See 21 Cal. Jur. 147; 21 R. C. L. 567, 568.

LOCKWOOD, J.—Slovenic National Benefit Society, a corporation organized under the laws of the state of Illinois, with its principal office in Chicago, hereinafter called defendant, prior to and during the month of June, 1922, and continually since then, has been conducting a mutual benefit society for members of the Slovenic race, through their membership in local lodges, issuing certain benefit certificates to said members agreeing to pay sick and death benefits in case of total disability or death. In 1922 Ilija Dabcevich, hereinafter called plaintiff, became a member of a local lodge of the defendant, situated in Gila county, and received its benefit certificate in due form dated May 25th, 1922. On or about the eighth day of July of that year plaintiff became ill. He received sick benefits under the provisions of the certificate up to May 26th, 1924, at which time they were discontinued by orders from the defendant. Prior to that time plaintiff had removed from Gila county to Maricopa county and on December 29th, 1924, filed suit in the superior court of Maricopa county to recover from defendant sick benefits as provided in the certificate from May 26th, 1924, to the date of filing suit, and also to recover certain sums he claimed to be due him on checks which had been previously issued in payment of prior benefits, but which had not been indorsed by him nor the proceeds received by him.

Before filing an answer defendant presented an affidavit signed by the president of the local lodge in Gila county, asking that the cause be transferred to the superior court of Gila county on the ground that the proper venue of the action was in that county and not in Maricopa. This motion was resisted by plaintiff, and upon hearing the court overruled it. Thereupon defendant filed a general demurrer and a general denial. · The general demurrer having been

overruled the case was, March 2d, 1925, set for trial on April 3d. On March 25th the defendant filed a motion for change of venue under paragraph 495, Revised Statutes of Arizona of 1913, Civil Code, which was by plaintiff resisted and by the court denied. The case was tried to a jury, which returned a verdict in favor of plaintiff in the sum of $331.50. A motion for new trial was duly made and overruled, and defendant appeals.

There are six assignments of error raising in effect four questions of law, which we will consider as seems advisable. Assignment No. 1 presents the question as to the correctness of the court's ruling in refusing to transfer the cause from Maricopa to Gila county on the ground that it was brought in the wrong county. The rule governing the venue of this action must be deduced from the following paragraphs of the Civil Code of 1913:

"394. No person shall be sued out of the county in which he resides, except in the following cases:

"(1) Where the defendant or all of several defendants reside out of the state, or their residence is unknown, the suit may be brought in the county in which the plaintiff resides. . . . "

"(18) Suits against railroad companies, insurance companies, . . . and other corporations may be brought in any county in which the cause of action, or a part thereof, arose, or in the county in which the defendant has an agent or representative or owns any property or conducts any business."

"3387. Any insurance company may be sued upon a policy of insurance in any county within the state where the cause of action arose or in the county where the state capitol is located. . . . "

This last paragraph is found in title 24 of the Code of 1913, which is entitled, "Insurance." It is, however, claimed by defendant that a corporation of its character is expressly excepted from the provisions

of paragraph 3387, *supra,* by paragraph 3474 of the same title. This section is found under article 6 of title 24, entitled, "Fraternal," and reads as follows:

"Except as herein provided, such societies shall be governed by the provisions of this article and shall be exempt from all other provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose and no law hereinafter enacted shall apply to them unless they be expressly designated therein."

The phrase, "such societies," as found in this section, refers to corporations and societies of the kind defined in paragraph 3471 of the same article, and there is no dispute that defendant is within such definition. Such being the case, we think it is obvious that paragraph 3474 expressly exempts defendant from the provisions of 3387, and that it cannot be claimed the venue of suits against it on its certificates of insurance is regulated by the last-named paragraph. We are therefore relegated to the general provisions in regard to venue above set forth.

Paragraph 394 contains some eighteen subdivisions governing the venue of civil actions. Some of them are mandatory as to the particular county in which certain classes of suits must be brought; others are merely permissive. In many cases it is optional with the plaintiff to bring a suit under either one of several paragraphs. We think this is true in regard to subdivision 18. An action may be brought against an insurance company in the county in which the cause of action arose, or in which the defendant has an agent or representative or owns any property or conducts any business, but, as provided in subsection 1, where the defendant resides out of the state, the suit may also be brought in the county in which the plaintiff resides. It appears from the record herein that the defendant is a foreign corporation with its

principal place of business in Chicago, Illinois. The case of *Boyer* v. *Northern Pacific R. R. Co.*, 8 Idaho 74, 70 L. R. A. 691, 66 Pac. 826, cited by defendant, is clearly in point. Therein the court says:

"Both upon principle and authority, private corporations are residents of the state in which they are created. They have, and can have, but one domicile,— that the state of their birth, and which is fixed by the charter of incorporation. They may migrate into other countries and jurisdictions for the purpose of business, and may be permitted to carry on business in other states; yet, so far as jurisdiction of courts is concerned, they are treated both by our federal courts and by our state courts as residents of the state in which created, and nonresidents of other states. . . .

"Foreign corporations are and remain, to all intents and purposes, so far as jurisdiction of actions is concerned, nonresidents of this state."

This suit might have been brought against defendant either in Maricopa or Gila county, and under such circumstances the court had no discretion to order it removed on an application of this nature.

The second assignment of error is that the court refused to order a change of venue under paragraph 495, Revised Statutes of Arizona of 1913 (Civ. Code).

Said paragraph reads in part as follows:

"495. If either party to a civil action pending in the superior court file an affidavit in the case, alleging either of the following grounds therefor, the venue thereof may be changed as hereinafter provided: . . .

"(2) When the convenience of witnesses and the ends of justice would be promoted by the change.

"(3) For other good and sufficient cause, to be determined by the court."

Paragraph 496 provides that the grounds above specified shall be as to their truth and sufficiency discretionary with the court, but that its decision may be appealed from.

It appears from the record that eight days before the case was due for trial an affidavit was filed on behalf of defendant setting up substantially, along with other things we need not consider, that all of the witnesses whom the defendant intended to call and part of those whom plaintiff intended to call lived in Gila county, with the general conclusion that the ends of justice would be promoted by changing the place of trial to Gila county. Plaintiff demurred to said application, and further denied that the convenience of witnesses would be served by changing the place of trial, alleging that he and five material witnesses whom he intended to call lived in Maricopa county and that he intended to call no witnesses from any other county. Further objection was made on the ground that the motion was made too late. The court, after considering both affidavits, denied the motion.

It is, of course, the law that the action of the trial court in a matter of this kind can only be reversed when it clearly appears that it has abused its discretion. We have before us to determine such a question two affidavits, contradictory in effect, and leading to different conclusions by the court. Defendant in his argument endeavors to show that it appeared later at the trial that certain of the matters set forth in plaintiff's affidavit were not true. This, however, was not before the trial court at the time of the application, and the question of whether it abused its discretion must be determined by what was before it at that time and not what developed afterwards. We are clearly of the opinion it does not appear from the record that the trial court abused its discretion upon the showing made at the time the motion was heard.

The third, fifth and sixth assignments of errors raise but one question of law. Defendant endeavored to show during the course of the trial that plaintiff

had failed to comply with its by-laws, and that such was the reason the sick benefits had been stopped. This was not allowed, and the court also failed entirely to submit to the jury the question as to whether or not the defendant properly stopped such sick benefits under its by-laws.

The question ultimately is one of pleading. Plaintiff set up in his complaint the contract of insurance, and specifically a compliance with all the conditions precedent and subsequent thereunder which should entitle him to sick benefits. Defendant answered these allegations, setting up "that it denies each and every allegation in said complaint contained."

It is the contention of defendant that these pleadings imposed upon plaintiff the burden of proving affirmatively a compliance with the conditions of his contract, both precedent and subsequent, and, further, that defendant can under such general denial introduce affirmative evidence to show a failure on the part of plaintiff to comply therewith. In support of these contentions it cites the cases of *Flack* v. *O'Brien,* 19 Misc. Rep. 399, 43 N. Y. Supp. 854, and *Ocean S. S. Co.* v. *Anderson,* 112 Ga. 835, 38 S. E. 102.

In the O'Brien case the court says:

"The Code of Civil Procedure (section 500) plainly prescribes that an answer must contain—first, a general or specific denial of each material allegation of the complaint controverted; and, second, a statement of any 'new matter' constituting a defense or counterclaim with leave to plead as many defenses, . . . as there may be. . . . The answer is to deny each allegation of the complaint which is controverted. Everything not denied stands as admitted. . . . Such denial is all the answer is to contain, unless there be new matter constituting a defense, viz., matter outside of the issue raised by such denial. A denial is not a 'defense' at all, and may not be so designated. A defense consists of an affirmative statement of new matter only. A denial raises an issue upon the

whole complaint, or upon some part of it. . . . If there be no such new matter, then there should be nothing except the denial. . . . ''

It is apparently, though not expressly, the holding in this case that if the complaint sets up a certain fact and the defendant expects to base his defense either on the failure of plaintiff to prove that fact, or upon his affirmative proof the matter alleged as a fact is not true, a general denial is sufficient to raise the issue. The other case cited by defendant apparently goes merely to the point that under the Code of Georgia a general denial is not a plea of the old ''general issue'' which was forbidden by the code.

Plaintiff contends, that whatever may be the general rule of pleading in cases of this nature, if defendant intends to rely upon the failure of a condition precedent, much more of a condition subsequent, even though plaintiff does allege compliance therewith in his complaint, he must both plead and prove such failure, and that he cannot prove it under a general denial, and cites in support thereof a long line of authorities. We quote from a few which seem most in point. In the case of *Taylor* v. *Modern Woodmen of America*, 42 Wash. 304, 7 Ann. Cas. 607, 84 Pac. 867, the court says:

''If, however, it were construed as amounting to a general denial, we think it would be insufficient to raise an issue as to a breach of a condition precedent under a well-recognized rule upon this particular subject, as held by eminent authorities. That rule is that, when a plaintiff has alleged the performance of conditions precedent, the defendant who desires to rely upon a breach of any such conditions, must specifically point out in his pleading the condition and breach upon which he relies, the general denial being insufficient for that purpose.

''Mr. Bliss, in his work on Code Pleading (3d Ed.) § 356a, says upon this subject: 'The Codes provide,

as we have seen, that in counting upon a contract with conditions precedent, their performance may be stated generally. How then may an intelligent issue be made in respect to such performance? May the defendant say that they have not been performed? May he deny generally the plaintiff's statement and thus put him upon proof of performance as to each condition? Or should he state specifically the breach upon which he relies? Upon principle and analogy the defendant should be required to point out the specific condition and show its breach. He relies upon this breach as an excuse for violating the contract on his part; the demand for certainty in pleading, the general object of written pleadings, requires that he point it out and this is analogous to the common-law practice just spoken of.' In the case of *Kahnweiler* v. *Phoenix Ins. Co.*, 67 Fed. 483, 14 C. C. A. 485, the court said: 'By failing to set up the condition precedent and its breach in its answer, the defendant waived that defense. If the rule were otherwise, a degree of uncertainty would be introduced in the practice in this class of cases much greater even than that which obtained under the general issue at common law. It would be a snare and a pitfall, and neither the plaintiff nor the court would have any knowledge of the issue to be tried. No matter how many conditions precedent the contract contained, the plaintiff would be obliged to go to the expense of preparing to prove performance or waiver of every one of them. An objection of this character cannot be held back, as was done in this case, until, at great expense, a trial has been gone through with, and the plaintiffs have closed their case upon the evidence, and then be brought forward for the first time by way of a demurrer to the evidence. Such a practice would be intolerable.' See, also [citing cases]. We therefore think that the question of a breach of the condition that the insured should have been in sound health at the time of the delivery of the certificate was not within the issues tendered by the answer, and there was no duty resting upon respondent to make proof upon that subject.''

In *Sternheimer* v. *Order of United Commercial Travelers,* 107 S. C. 291, 93 S. E. 8, it was held:

"The first question is one of practice. Plaintiff alleged, *inter alia,* that insured was in good standing at the time of his death. Defendant's answer did not deny any allegation of the complaint, but set up delinquency of insured at the time of his death, as an affirmative defense, alleging that he was in arrears for dues and assessments at the time of his death.

"Plaintiff's allegation that insured was in good standing was not necessary to her cause of action. Therefore she was not bound to prove it. But defendant was bound to allege and prove delinquency of insured to establish the forfeiture of the right to indemnity. [Citing cases.] If the case had been submitted on the pleadings, judgment would have gone for plaintiff. . . . "

And in *Penn Mut. Life Ins. Co.* v. *Ornauer,* 39 Colo. 498, 90 Pac. 846, it was said:

"It is unquestionably true that, under a general denial, a defendant may introduce any evidence which controverts the facts which plaintiff is bound to establish in order to sustain his action. Under this doctrine, the defendant contends that, under its general denial, it may show that what it calls conditions precedent had not been fulfilled. In this complaint there was an averment generally, permitted by section 56 of our Code, that plaintiff had fully performed all conditions of the contract to be by him performed. Where such an averment of performance of conditions precedent is allowed in the complaint, the rule is that, if a defendant relies upon nonperformance, he must specially allege the condition or conditions on the nonperformance of which he relies, and negative their performance [citing cases]. Our Court of Appeals in [*Helvetia Fire*] *Insurance Co.* v. *Allis Co.,* 11 Colo. App. 264, 53 Pac. 242, has held that, where a good cause of action upon a contract appears on the face of the complaint, if the defendant intends to rely upon a breach of any condition, the condition and the

facts constituting its breach should be set forth in the answer. In *Mut. Ben. Assn.* v. *Nancarrow,* 18 Colo. App. 274, 71 Pac. 423, that doctrine was again announced. To the same effect are *Kahnweiler* v. *Phoenix Ins. Co.,* 67 Fed. 483, 14 C. C. A. 485, and *Schneider Brewing Co.* v. *Amer. Ice-Mach. Co.,* 77 Fed. 138, 23 C. C. A. 89. In the former case the Kansas Code provisions the same as ours, and in the latter case our own sections, were construed, and in an elaborate opinion by Caldwell, J., it was held that, when a defendant relies upon a condition precedent in a contract as an excuse for not performing the contract on his part, he must set out specifically the condition and its breach. Whether the conditions are precedent or subsequent is not argued by counsel, though it would seem they are subsequent, and, if so, and noncompliance therewith is relied on, they must be alleged and their breach stated. 8 Cyc., 558, 559. But there was no error in refusing evidence offered by the defendant tending to show their breach, whatever their character, because of the omission from the answer of the appropriate allegations. In addition to the foregoing authorities, see 9 Cyc. 723, and cases cited, and 4 Enc. Pl. & Pr. 663.''

See, also, *Modern Woodmen of America* v. *Davis,* 184 Ill. 236, 56 N. E. 310; *Supreme Lodge* v. *Matejowsky,* 190 Ill. 142, 60 N. E. 101; *Connell* v. *Iowa State Traveling Men's Assn.,* 139 Iowa 444, 116 N. W. 820; *Lloyd* v. *Travelers' Protective Assn. of America,* 115 Ill. App. 39.

We think the rule contended for by plaintiff is founded on good logic and common sense. As was said in *Taylor* v. *Modern Woodmen of America, supra:*

''If the rule were otherwise, a degree of uncertainty would be introduced in the practice in this class of cases much greater even than that which obtained under the general issue at common law. It would be a snare and a pitfall, and neither the plaintiff nor the court would have any knowledge of the

issue to be tried.  No matter how many conditions precedent the contract contained, the plaintiff would be obliged to go to the expense of preparing to prove performance or waiver of every one of them.  An objection of this character cannot be held back, as was done in this case, until, at great expense, a trial has been gone through with, and the plaintiffs have closed their case upon the evidence, and then be brought forward for the first time by way of a demurrer to the evidence.  Such a practice would be intolerable.''

If this rule be true in regard to conditions precedent, much more is it true in regard to conditions subsequent.  So far as the first are concerned, it might be said that plaintiff at least knows what he must prove, even though the expense and trouble be great, but in regard to the second class he is utterly at a loss to know what he is to meet under a general denial until defendant reveals its masked battery at the time of trial.  We therefore hold that in cases of this nature at least, when plaintiff has alleged, either generally or specifically, a compliance with the conditions precedent to an insurance policy being valid, it is incumbent upon a defendant if he desires to contradict any of such allegations to set up his defense specifically, and not merely by a general denial, and that if he intends to rely upon a breach of a condition subsequent, he must do the same thing or he will not be allowed to offer evidence upon such issue.

The last assignment of error is that the evidence does not sustain the verdict.  It is claimed that there is not sufficient evidence to show total disability on the part of plaintiff during the period sued for.  The matter rests upon the testimony of Doctors Hicks and Palmer for the plaintiff, and Doctors Kennedy and Sotel for defendant.  It is alleged the disability of plaintiff resulted from neurasthenia.  Expert witnesses for the plaintiff testified to such total disability.  Those for defendant denied it.  It is contended

by defendant that, while Dr. Hicks stated specifically that plaintiff was totally incapacitated for work during the whole time, yet he contradicted himself to such an extent that his testimony on this point should not be believed. We have examined the record, and we do not think Dr. Hicks' testimony bears out the construction placed upon it by defendant. The alleged contradictory testimony of Dr. Palmer has still less value.

This is one of the many cases where there is a direct conflict in the testimony on the vital issue. Under our law this issue was a question for the jury under the proper instructions of the court. It is not complained that the court affirmatively misdirected the jury, and we have already disposed of its failing to submit certain issues.

Finding no error in the record, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.