15533

COURTNEY v. MEYER

(25 S. E. (2d), 481)

438

November, 1942.

*Messrs. Thomas, Cain & Black,* of Columbia, S. C., and *Messrs. Finley & Spratt,* of York, S. C., Counsel for Appellant,

*Messrs. Wilson & Wilson,* of Rock Hill, S. C., and *Mr. R. B. Hildebrand,* of York, S. C., Counsel for Respondent,

Counsel for Appellant, in Reply, 

April 28, 1943.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous opinion of the Court:

The plaintiff, a resident of York County, brought this action in the Circuit Court of that county, against the defendant, Mrs. Gertrude H. Meyer, a resident of the State of New York, seeking the recovery of damages, actual and punitive, on account of injuries sustained in an automobile collision in Chesterfield County, on February 18, 1942.

Service was perfected by serving the summons and complaint upon the Director of the Motor Vehicle Division of the State Highway Department, as agent for the nonresident defendant, pursuant to Section 437 of the 1942 Code, the applicable provisions of which are as follows: "The acceptance by non-resident of the rights and privileges conferred by the laws now or hereafter in force in this state permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such non-resident on the public highways, streets of any incorporated or unincorporated municipality and public roads of this state * * * shall be deemed equivalent to the appointment by such non-resident of the director of motor vehicle division of the state highway department, or of his successor in office, to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him, growing out of, any accident or collision in which said non-resident may be involved * * * and said acceptance or operation shall be a signification of his agreement that any such process against him shall be

of the same legal force and validity as if served on him personally."

The jurisdiction of the Circuit Court of York County was preliminarily challenged by a motion duly made by the defendant for an order changing the venue to Richland County, the official residence of the Director of the Motor Vehicle Division; or in the alternative to the County of Chesterfield, where the accident is alleged to have occurred. The lower Court held that the venue was properly laid in York County, the residence of the plaintiff, and from that decision this appeal is taken.

The statute (Section 437) providing for substituted service on nonresident motorists does not contain specific provisions as to venue. Hence, recourse must be had to the general laws relating to the subject. The sole question to be determined is whether the action can be maintained in York County, the residence of the plaintiff. Both parties agree that the issue is governed by the following pertinent portion of Section 422, 1942 Code: "In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action; and if there be more than one defendant, the action may be tried in any county in which one or more of the defendants to such action resides at the time of the commencement of the action; or if none of the parties shall reside in the State, the same may be tried in any county which the plaintiff shall designate in his complaint, subject, however, to the power of the court to change the place of trial in the cases as provided by law: * * *."

As pointed out in the order of the lower Court, the above section has been held in numerous cases to be applicable to corporate as well as individual defendants. According to the contention of the defendant, the clause, "or if none of the parties shall reside in the state," should be construed as meaning none of the parties, plaintiff or defendant. The

plaintiff argues that this clause is applicable only to parties defendant.

The Court, in *Berry v. Virginia State Insurance Company*, 83 S. C., 13, 64 S. E., 859, had this to say:

"The action was brought and the judgment entered in Saluda county, where the plaintiff now resides.

"The policy was issued by defendant's agent in Newberry county, in which county the insured property was situated and in which the plaintiff resided at the time of the fire. There was no evidence that the defendant had an agent in Saluda county. Under these facts the defendant, relying on the case of *Nixon [& Danforth] v. Piedmont Insurance Co.*, 74 S. C., 438, 54 S. E., 657, submits that the court of common pleas of Saluda county was without jurisdiction of the action. The cases cited, and others like it, involved the question of the proper county for the trial of actions against domestic corporations, and they have no application to such question affecting foreign corporations. *An action against a nonresident may be brought in any county which the plaintiff may designate.* Code Civ. Proc. 1902, § 146." (Emphasis added.)

To the same effect is *Dennis v. Atlantic Coast Line R. R.*, 86 S. C., 258, 68 S. E., 465, where the Court held that in an action against a foreign corporation, the plaintiff may elect under Section 146 of the Code of Procedure (now Sec. 422, 1942 Code) in which county to sue. And see *Elms v. Southern Power Company*, 78 S. C., 323, 58 S. E., 809.

From a consideration of the holding of the Court in the *Berry case* and in the *Dennis case,* it is apparent that in an action instituted by a resident of this State against a foreign corporation, where such corporation is not engaged in business within the State, such an action may be maintained in any county which the plaintiff designates in his complaint. It is likewise clear that this Court has construed the clause, "Or if none of the parties shall reside in the state," as including parties defendant

only, which, of course, is opposed to the construction now contended for by the defendant.

This is in accord, too, with the common-law rule to ■ the effect that all personal actions, whether *ex delicto* or *ex contractu*, are transitory, and may be brought anywhere the defendant can be found.

. We agree with the statement made by the Circuit Court that "to adopt the defendant's construction would permit a non-resident plaintiff, under these circumstances, to sue a non-resident defendant in any county in South Carolina, but this right would be denied to a resident of this State. The General Assembly evidently realized that when none of the defendants resided in this State, it would be a matter of little consequence in which county the venue was laid. The statute expressly provides that the Court has the power to change the place of trial in proper cases."

The defendant calls our attention to the case of *Sheldon v. Southern Kraft Corporation,* 195 S. C., 81, 10 S. E. (2d), 341, 129 A. L. R., 1280, wherein it was held that if a foreign corporation has an office and agent in this State, the county in which these are maintained is the county in which these are maintained is the county in which the venue of actions against it must be laid, and that if the venue is differently placed the venue must be changed. It is argued by analogy that under the nonresident motorist statute (Sec. 437), the Director of the Motor Vehicle Division is created the agent of the nonresident defendant, and that the venue in this case should be changed from York County to Richland County, because the latter county is the official residence of the Director of the Motor Vehicle Division.

It is clear that a nonresident motorist does not by ■■ the mere statutory appointment of an agent to accept service for him, acquire a fixed residence in the county of such agent. The nonresident statute is only a process statute. It does not place the venue of actions against nonresident motorists in the county of the residence of the Di-

rector of the Motor Vehicle Division; in our opinion, it makes the latter the agent of a nonresident in any county of the state in which the action is otherwise properly brought.

The defendant seeks to reverse the decisions in the cases of *Berry v. Virginia State Insurance Co.*, 83 S. C., 13, 64 S. E., 859, and *Dennis v. Atlantic Coast Line R. R.*, 86 S. C., 258, 68 S. E., 465, but upon mature consideration we adhere to the principle announced in those cases.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE, concur.