## SETTERLUND v. SPIERER et al.
### Civ. A. No. 1051.

United States District Court
S. D. Missouri, W. D.

Aug. 31, 1951.

Theodore Beezley, A. P. Stone, Jr., Kenneth H. Reid, Springfield, Mo., for plaintiff.

Miller & Fairman, Wm. Sanford, Springfield, Mo., for defendants Max Spierer and Lottie Spierer.

Bert E. Strubinger, St. Louis, Mo., William C. Cockrill, Mann, Mann, Walter & Powell, Springfield, Mo., for Helen Tezich and Steve N. Tezich.

REEVES, Chief Judge.

It appears from the pleadings that all of the parties are non-residents of Missouri, but that there is a diversity of citizenship for jurisdictional purposes. The complaint is based upon claimed injuries from an automobile accident occurring in Laclede County, Missouri. Concededly there is a diversity of citizenship between the plaintiff and all of the defendants.

The suit was originally brought in the Southern Division of this court and service of process was had conformable to Sections 506.200 to 506.320, R.S.Mo.1949, commonly referred to as the non-resident service act, or, more properly, referred to as fixing the rule of service in cases of "Actions Against Nonresident Motorists." The venue of actions thus instituted is fixed as follows, see Section 506.290, R.S.Mo. 1949: "Any suit under the provisions of sections 506.200 to 506.320 shall be filed in the county in which the cause of action accrues * * *." Concededly the cause of action, if one exists, accrued in Laclede County, and the court takes judicial notice that Laclede County, Missouri, is in the Southern Division of the Western District of Missouri, where the suit was actually filed.

In the matter of the service of process, Rule 4, Federal Rules of Civil Procedure, 28 U.S.C.A., provides as follows:

"(d) * * *

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States *or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.*" (Italics mine.)

It would have been permissible for the plaintiff in this case under the Missouri Statute to have brought his suit in the Circuit Court of Laclede County, Missouri, in which event, of course, it would have been the right of the defendants to have removed the case to the Federal Court and the case would have then been lodged in the Southern Division of this district. The plaintiff, however, being a nonresident, and there existing a diversity of citizenship, chose to bring suit originally in the Southern Division, where, by Missouri Statute, the venue of the case was fixed. This statute is a matter of substantive law, and not procedural, and the federal courts must respect and follow the substantive law of the state.

Accordingly, the several motions to dismiss or to quash service should be and will be overruled for the reason that it is admitted that service was had upon the Secretary of State conformable to the provisions of the nonresident motorists' law.

The wife of one of the defendants has filed a motion to dismiss upon the ground that she was a mere passenger in her husband's car (the husband being

named as a defendant) and that therefore she had no part in the occurrence of the accident. If the facts contained in the motion are established by the evidence, then, of course, a dismissal would be had as to this movant. The court could not at this time, however, dismiss the action against her without proof of her relationship to the transaction, or, probably better expressed, her lack of relationship.

Accordingly, the several motions will be overruled.