427 P.2d 516

Walter DUNN, Petitioner,

v.

The SUPERIOR COURT OF ARIZONA, Fred J. Hyder, a Judge of the Superior Court sitting in Maricopa County, and Lena H. Garcia, Clerk of the Superior Court of Graham County, Arizona, Respondents,

and

Fred Nelson Patterson, Real Party in Interest.

No. 8961.

Supreme Court of Arizona, In Banc.

May 10, 1967.

Cavness, DeRose, Senner & Foster, by Jack C. Cavness, Phoenix, for petitioner.

Jennings, Strouss, Salmon & Trask, by Charles Esser, Phoenix, for respondents and real party in interest.

McFARLAND, Justice:

Petitioner, plaintiff below, sued the defendant below, for damages arising out of an automobile accident, alleging that the defendant negligently caused the death of

plaintiff's wife in Graham County, Arizona. The action was brought in the Superior Court of Maricopa County. Plaintiff is a resident of New Mexico; defendant, of Texas. Service was obtained on the defendant by compliance with A.R.S. 28-503, the non-resident responsibility statute pertaining to automobile accidents.

Defendant moved for a change of venue under A.R.S. 12-404, claiming that the action was brought in the wrong county and could be filed only in the county where the accident occurred. The trial judge granted the motion and transferred the case to Graham County.

Petitioner requested certiorari in the Court of Appeals which denied the writ on January 25, 1967.

We granted certiorari on March 21, 1967.

Arizona's venue specifications appear in A.R.S. 12-401 and have been in effect substantially unchanged since territorial days when they appeared as Sect. 1294 of the 1901 Revised Statutes. They covered as many situations as the legislature could foresee when they were adopted.

█ Under the common law, the venue of a transitory action such as that in the instant case, could be laid in any county in the state in which the defendant could be found and served. The venue statute restricted that rule by providing that when the action is against a resident, it must be brought in the county of the defendant's residence:

"No person shall be sued out of the county in which he resides." A.R.S. 12-401.

When the plaintiff is a resident but the defendant is a non-resident of Arizona, an exception is made by the statute, which provides that in such case the action may be brought in the county of the plaintiff's residence:

"When * * * defendants reside without the state * * * the action may be brought in the county in which the plaintiff resides." A.R.S. 12-401, subsec. 1.

Likewise, the statute provides that the action may be brought in the county where the accident happened, or where the defendant can be found, under certain conditions:

"When the foundation of the action is a · * * * trespass for which an action in damages may lie, the action may be brought in the county in which the trespass was committed or in the county in which the · defendants * * * reside or may be found." A.R.S. 12-401, subsec. 10.

"Trespass" as used in the above section, includes an automobile accident caused by negligence. Pride v. Superior Court, 87 Ariz. 157, 348 P.2d 924.

By 1935, automobile accidents caused by the negligence of non-resident motorists had increased so much that A.R.S. § 28-502 and 503 were enacted, allowing service on such motorists by registered mail. In that statute the legislature failed to specify venue, and we are now called upon to determine what, if any, venue restrictions exist under that act.

Many cases on the question of venue under such circumstances are collected in 38 A.L.R.2d 1199. From them it appears that in some states, venue is specified in the statutes providing for service by registered mail. In Missouri for example, the statute provides that the action shall be brought in the county "in which the cause of action accrues." Settelund v. Spierer, D.C., 11 F.R.D. 601. In some states the statutes provide that the action may be brought in any county in the state, and the constitutionality of these provisions has been sustained. Highway Steel and Mfg. Co. v. Kincannon, 198 Ark. 134, 127 S.W. 2d 816, app. dismd. Highway Steel & Mfg. Co. v. Crawford, 308 U.S. 504, 60 S.Ct. 88, 84 L.Ed. 431; Lloyd Adams, Inc. v. Liberty Mutual Ins. Co., 190 Ga. 633, 10 S.E.2d 46.

Some states have held that where venue is not specified in the statute, the action must be brought in the county where the accident occurred. Williams v. Meredith, 326 Pa. 570, 192 A. 924, 115 A.L.R. 890;

Schaefer v. Alva West & Co., 53 Ohio App. 270, 4 N.E.2d 720.

In other states, where the statute does not specify venue, the action may be brought in any county in the state. Alcarese v. Stinger, 197 Md. 236, 78 A.2d 651; Courtney v. Meyer, 202 S.C. 437, 25 S.E.2d 481; Claseman v. Feeney, 211 Minn. 266, 300 N.W. 818; State ex rel. Bernhart v. Barrs, 152 Fla. 631, 12 So.2d 576.

Of the various cases which we have examined, the opinion in Claseman v. Feeney, supra, is the most perceptive and persuasive. In it, as in the instant case, the action was for wrongful death in an automobile accident. The decedent was a resident of Hennepin County, Minn.; the administrator, appointed by the probate court of Hennepin County was a resident of Todd County, Minn. The accident happened in Shelburne County, Minn. The defendant was a resident of Illinois. The action was brought in Todd County, Minn. and the defendant demanded that the action be transferred from Todd County to Shelburne County.

The Minnesota statute, Mason's Minn. St.1940 Supp. § 9213–1, on venue provided that an action against a driver of a motor vehicle, arising out of the negligent driving of the vehicle, "may be brought in the county where the action arose or in the county of the residence of the defendant."

The court said:

"As to residents, transitory actions are triable in the county where the defendant * * * reside. * * * *This action*, being a transitory one, and defendant a non-resident, *is * * * triable in any county designated by plaintiff. * * * * Of course there is open to defendant the right to apply to the court for a change of venue because * * * 'the convenience of witnesses and the ends of justice would be promoted' thereby under § 9216. *Here he has not availed himself of it nor does he seek relief on any such ground.* * * * The only question presented is whether defendant-relator is entitled, *as a matter of statutory 'right'*,

to a change of venue." 300 N.W. 819–820. (Italics ours)

We therefore hold that in Arizona, when both plaintiff and defendant are non-residents and the defendant has been served by registered mail, the action may be brought in any county in the state. If no objection is made to the venue, the court in which the action is filed, has jurisdiction to hear the case. A motion by the defendant brought under A.R.S. 12–404 must be overruled, and should have been overruled in the instant case.

However, plaintiff's choice of forum is not absolute. Defendant could have filed a motion for change of venue, based on the grounds that "the convenience of witnesses and the ends of justice would be promoted by the change." A.R.S. 12–406, subsec. B, par. 2. In ruling on such a motion, the trial court should remember that since it is the plaintiff's right to choose the forum, his choice should not be disturbed except upon an adequate showing.

"Important considerations are the relative ease of access to sources of proof; * * * the cost of obtaining attendance of willing witnesses; possibility of view of premises; * * * and all other practical problems that make trial of a case easy, expeditious, and inexpensive. * *

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

For a case indicating what is an adequate showing in support of a motion for change of venue, see Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 182 F.2d 305. See also Slovenic National Benefit Society v. Dabcevich, 30 Ariz. 294, 246 P. 765.

To hold—as did the trial court in the instant case—that this action was brought in the wrong county and that the

defendant has the right, *regardless of circumstances*, to insist that the venue be transferred to the county where the accident happened, could, under some circumstances, create an undesirable situation. Suppose, for example, in the instant case, that although plaintiff and defendant were non-residents of Arizona, all of the other passengers in their cars were residents of Maricopa County; that several other witnesses also resided in Maricopa County; that plaintiff was brought to a Phoenix hospital for extended specialized treatment; that he was treated in Phoenix by a team of busy high-priced specialists; and that he brought his action in Maricopa County. If defendant could, as a matter of right, remove the case to Graham County simply because the accident happened there, the results would be catastrophic. All the witnesses would have to be transported to Graham County and paid time and mileage; they would lose considerable time from their jobs; the doctors would balk at leaving town, and become hostile if importuned, and in any event would charge large sums for their time; Graham County would be saddled with a long and expensive trial in a case in which it had no interest. None of these problems can plague us under a holding that an order transferring the case from Maricopa County must be bottomed on a hearing at which convincing evidence is produced to show that Maricopa County is "venue non conveniens."

We therefore hold that in the present state of the record, respondent judge was without authority to transfer the case to Graham County.

The order of Jan. 9, 1967, signed by the respondent judge Fred J. Hyder, is hereby annulled, and the future transfer of said action to the Superior Court of Graham County, is prohibited, unless and until a new hearing develops facts upon which such an order of transfer validly can be based.

It is further ordered that the clerk of the Superior Court of Graham County return the complete file in this matter, to the clerk of the Superior Court of Maricopa County for further action.

It is further ordered that a copy of this mandate be sent to the clerk of the Superior Court of Graham County with instructions to return the entire file to the clerk of the Superior Court of Maricopa County.

BERNSTEIN, C. J., and STRUCK-MEYER, LOCKWOOD and UDALL, JJ., concur.