484 P.2d 18

**Martin COHEN and Marie Cohen, husband and wife, Petitioners,**

**v.**

**SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA, Respondent;**

**and**

**SAHUARO PETROLEUM AND ASPHALT COMPANY, an Arizona corporation, et al., Real Parties in Interest.**

**2 CA–CIV 978.**

Court of Appeals of Arizona, Division 2.

April 21, 1971.

Paul G. Rees, Jr., Tucson, for petitioners.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for real parties in interest Traffic Control Contracting, Inc.

HOWARD, Judge.

The petitioners, on June 23, 1970, filed suit in Pima County Superior Court for personal injuries sustained by Dr. Cohen when the vehicle he was driving on U.S. Highway 95 went off the road somewhere between San Luis and Yuma, Arizona. The complaint alleged that the plaintiffs were residents of Yuma County, Arizona, and that the defendants, Sahuaro Petroleum and Asphalt Company and Traffic Control, Inc., were Arizona corporations,

doing business in Pima, Maricopa and Yuma Counties, Arizona.

Sahuaro filed its responsive pleading on September 8, 1970, and on September 11, 1970, Traffic Control responded. Neither pleading challenged the venue of the action. On November 30, 1970, Sahuaro filed a motion for change of venue to Maricopa County, pursuant to A.R.S. § 12–406, claiming "good and sufficient cause exists for such change" for the reason that the accident occurred in Yuma County, Arizona, and the defendants' principal place of business was in Maricopa County. The petitioners filed an opposition to the motion for change of venue, the substance of which challenged the adequacy of Sahuaro's showing. On January 12, 1971, the following minute entry order was filed:

"With due respect to eminent counsel in this matter and with the realization by the Court that the place where the case is to be tried will necessarily relate more to the convenience of the attorneys than witnesses, and it appearing that the venue properly should be Yuma County, but by convenience of the parties and witnesses could be in either Pima or Maricopa, and it appearing that the case has already been filed in Pima County and that no formal petition has been made to change venue to Yuma County (although Mr. Udall and Mr. Cook indicated some preference toward a Yuma County venue).

IT IS ORDERED that the Motion for Change of Venue to Maricopa County be and the same is denied, with leave to any aggrieved counsel to file a Motion for Change of Venue to Yuma County within ten (10) days hereof (unless such counsel be of the opinion that no such relief is now available)."

On January 15, 1971, the petitioners filed a motion to set and certificate of readiness, pretrial conference was set for October 22, 1971, and a tentative trial date of November 3, 1971 was set. Four days later, Traffic Control filed a motion for change of venue from Pima County to Yuma County "because good and sufficient cause exists for such change for the reasons previously set forth in the prior Motion for change of venue." The memorandum in support thereof recites:

"Rather than file new affidavits this defendant will rely upon the affidavits attached to the Motion for change of venue previously filed by Sahuaro Petroleum; the pleadings including Interrogatories and Requests for Admissions of Fact which are in the Court's file; the action occurred in Yuma County; the investigating officer resides in Yuma County; the plaintiff resides in Yuma County; the defendants were actively engaged in business in Yuma County when the accident occurred.

A.R.S. 12–406 subsec. B, par. 2 provides that when the convenience of witnesses and the ends of justice would be promoted by a change of venue the motion should be granted.

The Court in its Minute Entry of January 12, 1971, has already recognized that the case should be transferred to Yuma County and pursuant to the invitation in that Minute Entry this motion should be granted. * * *"

This motion was also opposed, and after hearing thereon, the lower court granted the motion on March 2, 1971. The propriety of this ruling is the subject of this appellate proceeding.[1]

A.R.S. § 12–406 subsec. B provides:

"B. Grounds which may be alleged as provided in subsection A for change of venue are:

1. That there exists in the county where the action is pending so great a prejudice against the party requesting

---

1. On March 30, 1971, this court heard argument on petitioners' request for relief and we subsequently directed that the entire record in this case be forwarded to this court.

a change of venue that he cannot obtain a fair and impartial trial.

2. That the convenience of witnesses and the ends of justice would be promoted by the change.

3. That there is other good and sufficient cause, to be determined by the court."

Traffic Control's request for change of venue alleged that "the convenience of witnesses and the ends of justice would be promoted." The parties do not dispute the fact that venue in Pima County was proper. It is well settled that once the action is brought in the proper county, the court has no jurisdiction to change the venue. Ellsworth v. Layton, 97 Ariz. 115, 397 P.2d 450 (1964).[2] The pivotal question is whether sufficient showing of venue *non conveniens* was made so as to justify the order of transfer.

Change of venue under A.R.S. § 12–406 is not a matter of right but is within the sound discretion of the court. Arizona Water Company v. City of Yuma, 7 Ariz.App. 53, 436 P.2d 147 (1968). Appellate courts do not interfere with a venue ruling in the absence of a manifest abuse of that discretion. Liber v. Flor, 160 Colo. 7, 415 P.2d 332 (1966); Putro v. Mannix Electric, Inc., 147 Mont. 314, 412 P.2d 410 (1966). We believe that the subject ruling requires appellate intervention.

When a change of venue is sought, the burden of proof is on the moving party. Cliff v. Gleason, 142 Colo. 500, 351 P.2d 394 (1960); Flanagan v. Flanagan, 175 Cal.App.2d 641, 346 P.2d 418 (1959); 92 C.J.S. Venue § 192. In other words, the movant must show a balance of interests favoring transfer, A. C. Samford, Inc. v. United States, 226 F.Supp. 72 (Ga.1963), and unless the balance is strongly in favor

of a defendant, the plaintiff's choice of forum should rarely be disturbed. Houston Fearless Corp. v. Teter, 318 F.2d 822 (10th Cir.1963). The criteria to be considered on a motion for a change of venue are the relative ease of access to sources of proof, the availability of compulsory process to obtain the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, and all other practical problems making trial of the case easy, expeditious and inexpensive. Koehring Co. v. Hyde Construction Co., 324 F.2d 295 (5th Cir.1963).

Our Arizona Supreme Court in the case of Dunn v. Superior Court of Arizona, 102 Ariz. 198, 427 P.2d 516 (1967) reiterated these principles, holding that an order of transfer "must be bottomed on a hearing at which convincing evidence is produced." (102 Ariz. at 201, 427 P.2d at 519.) The court referred to the case of Headrick v. Atchison, T. and S.F.Ry. Co., 182 F.2d 305 (10th Cir.1950) as indicative of what is an adequate showing in support of a motion for change of venue. In the *Headrick* case, the plaintiff's choice of forum was New Mexico. The defendant's plea of forum *non conveniens,* which resulted in dismissal, was predicated on the fact that the cause of action arose in California, the defendant was amenable to process in California, the plaintiff and defendant were not residents of New Mexico, none of the witnesses likely to be called in the trial of the case resided in New Mexico, and a bus company, whose negligence the defendant alleged was the cause of the plaintiff's injury, was not amenable to process in New Mexico. In reversing the New Mexico district court's order of transfer, the Court of Appeals stated:

"There is no showing as to the number of witnesses, who they are or where they

---

**2.** Since the order of transfer is not appealable, appellate intervention by way of special action proceedings is appropriate.

Pride v. Superior Court, 87 Ariz. 157, 348 P.2d 924 (1960).

live, or what the additional expense would be to the defendant to try the case in New Mexico. It appears that the trial court believed that California was the most convenient forum because the accident occurred there. This in itself would not be sufficient. The plaintiff lives in Missouri. New Mexico is closer to him than California and no doubt more convenient. The court should have sufficient proof from which it could determine, in justice to both parties and the witnesses, the most convenient forum. There is no suggestion that the case was brought in New Mexico to harrass, vex or oppress the defendant. * * * There was a total lack of proof from which the court could weigh relative advantages and obstacles to a fair trial or from which it could find that the balance was clearly in favor of the defendant. We think the trial court should have such proof before it may exercise its discretion in determining where that balance lies." 182 F.2d at 310–311.

The record here reflects only that the accident herein involved occurred in Yuma County and the plaintiffs are residents of Yuma County, and contains a passing reference to the fact that the investigating officer resides in Yuma County. We believe that on this state of the record which falls far short of "convincing evidence," the trial court erred in disturbing the plaintiffs' choice of forum.

The order of March 16, 1971, signed by Judge John P. Collins, is hereby annulled and it is ordered that the Clerk of the Superior Court of Yuma County return the complete file in this matter to the Clerk of the Superior Court of Pima County.

KRUCKER, C. J., and HATHAWAY, J., concur.