504 P.2d 544

Charles YELL and Freida Evelyn Yell, husband and wife, Petitioners,

v.

The Honorable Lee GARRETT, Judge of the Superior Court of the State of Arizona; and James SWEENEY, Real Party in Interest, Respondents.

No. 2 CA–CIV 1331.

Court of Appeals of Arizona, Division 2.

Dec. 26, 1972.

Rehearing Denied Jan. 17, 1973.

Review Denied Feb. 20, 1973.

Miller, Pitt & Feldman, P. C. by Robert F. Miller, Tucson, for petitioners.

Estes & Zlaket by Thomas A. Zlaket, Tucson, for respondents.

HATHAWAY, Judge.

The petitioners, plaintiffs in a pending lawsuit for personal injuries arising out of an automobile accident in Cochise County, seek annulment of an order directing transfer of the suit from Pima County to Cochise County. Since a special action is an appropriate vehicle to test the correctness of a venue ruling, we assume jurisdiction. Brown v. Superior Court, 2 Ariz.App. 434, 409 P.2d 593 (1966).

On October 13, 1972, petitioners and respondent Sweeney were involved in an automobile accident in Cochise County. Sweeney, a resident of Cochise County, sustained injuries as a result of the accident

4

and was hospitalized in Pima County. Petitioners filed suit against Sweeney for their personal injuries and served him with process in Pima County while he was hospitalized.

Prior to expiration of the time to answer, Sweeney's attorney filed an affidavit for change of venue pursuant to A.R.S. § 12–404. The affidavit stated that Pima County venue was improper since the accident occurred in Cochise County and both plaintiffs and defendant were residents of Cochise County. A controverting affidavit was filed by petitioners' counsel stating that venue was properly laid in Pima County pursuant to A.R.S. § 12–401, subsec. 10, the action being transitory and the defendant having been found in Pima County. The matter was duly heard and the cause was ordered transferred to Cochise County for all further proceedings. The court interpreted the "or may be found" portion of A.R.S. § 12–401, subsec. 10 to be available only when necessary to protect a plaintiff against transient or evasive defendants. We do not agree with this interpretation.

The pertinent portion of our venue statute reads:

"No person shall be sued out of the county in which he resides, except:

\*　\*　\*　\*　\*　\*

10. When the foundation of the action is a . . . trespass for which an action in damages may lie, the action may be brought in the county in which the . . . trespass was committed *or* in the county in which the defendant or any of the several defendants reside *or* may be found, . . . ."
(Emphasis added).

▮▮▮▮ The language of subsection 10 of the venue statute is in the disjunctive and therefore the respective clauses are coordinate, i. e., the plaintiff has the option

in a transitory action to sue in the county where the trespass occurred, where the defendant resides or wherever personal service can be made on the defendant. Massengill v. Superior Court, 3 Ariz.App. 588, 416 P.2d 1009 (1966); Shields v. Shields, 115 Mont. 146, 139 P.2d 528 (1943). As stated in Shields v. Shields, supra:

"If the legislature had not meant to permit such alternative venue as the section indicates, it would presumably not have used the words in question.

\*　\*　\*　\*　\*　\*

Defendant suggests that we should read into the provision words limiting its application to cases in which defendant does not reside or cannot be found in the state; but that would constitute clear judicial legislation, . . . ." 139 P.2d at 531.

▮▮▮▮ No contention was made here that Sweeney's presence in Pima County was accomplished by fraud, artifice or trick for the purpose of obtaining service upon him. Under the circumstances of this case, Sweeney was "found" in Pima County while he was a patient in the Carl Hayden Hospital in said county. In re Cash, 313 Ill.App. 281, 40 N.E.2d 312 (1942). Therefore, since this action was properly brought in a county other than that of Sweeney's residence, he had no right to request a change of venue to Cochise County on the ground that the action was not brought in a proper county. Tribolet v. Fowler, 77 Ariz. 59, 266 P.2d 1088 (1954). The respondent court erred in granting his request.

The order directing transfer of the subject case to Cochise County is hereby vacated with directions to reinstate the cause in Pima County.[1]

KRUCKER, C. J., and HOWARD, J., concur.

1. Whether or not a change of venue for cause, pursuant to A.R.S. § 12–406, is appropriate is not before us at this time.