556 P.2d 332

Geneva **HALEY,** widow of Earl F. Haley, Deceased; and Geneva Haley as personal representative of Bob Haley, Diane Cox, Wanda Rosenbum, and Wesley Haley, Petitioner,

v.

**COCHISE COUNTY HOSPITAL,** Cochise County Hospital Association, a non-profit corporation, Cochise County, James Keegan and Jane Doe Keegan, husband and wife, R. P. Groschupf and Jane Doe Groschupf, husband and wife, George A. Spikes and Jane Doe Spikes, husband and wife, Herman J. Spencer and Jane Doe Spencer, husband and wife, ABC, P.C.; XYZ, P.C., John Doe and Jane Doe, husband and wife, Mark Moe and Jane Moe, husband and wife, Larry Loe and Jane Loe, husband and wife, Respondents.

**No. 2 CA–CIV 2290.**

Court of Appeals of Arizona, Division 2.

Sept. 13, 1976.

Rehearing Denied Oct. 6, 1976.

Petition for Review Denied Nov. 9, 1976.

Barber, Haralson & Kinerk, P.C. by Burton J. Kinerk and Dale Haralson, Tucson, for petitioner.

Everett, Bury & Moeller, P.C. by Leonard Everett and Dan A. Sinema, Tucson, for respondents Keegan.

Chandler, Tullar, Udall & Richmond by Jack Redhair and D. Burr Udall, Tucson, for respondents Groschupf and Spikes.

Lesher, Kimble, Rucker & Lindamood, P.C. by James C. Carruth, Tucson, Slutes, Browning, Zlaket & Sakrison by D. Thompson Slutes, Tucson, for respondents Cochise County Hospital, Cochise County Hospital Association and Spencer, and Cochise County.

## OPINION

HATHAWAY, Judge.

Petitioner is the plaintiff in a wrongful death action against respondents presently pending in Cochise County Superior Court. The lawsuit was originally filed in Pima County Superior Court, a timely motion for change of venue was made by the defendants and on July 21, 1975, the motion was granted. The minute entry order granting the motion recited inter alia:

" . . . and the venue is changed to Cochise County without prejudice to any party's right to move for change of venue from that county by reason of the fact that Cochise County is a defendant in the action."

The action was transferred to Cochise County and on February 17, 1976, the respondents filed a certificate of readiness and motion to set. The action was placed on the active calender on March 4, 1976, but no trial date has been set. On June 8, 1976, petitioner filed a motion for change of venue to Pima County, relying on A.R.S. Sec. 12–408(A), which provides:

"In a civil action pending in the superior court in a county where the county is a party, the opposite party is entitled to a change of venue to some other county without making an affidavit therefor."

The motion for change of venue was denied and since a special action is the appropriate vehicle for challenging a venue determination, *Yell v. Garrett*, 19 Ariz.App. 3, 504 P.2d 544 (1972), petitioner filed this special action. We are of the opinion that the lower court's ruling was correct. We assume jurisdiction, however, and deny relief since we believe that the reasons for our ruling should be set forth in a formal opinion.

There is no question but that this action should have been filed in Cochise County under A.R.S. Sec. 12–401, as amended. Therefore, when the defendants' motion for a change of venue was timely presented, the Pima County Superior Court had no alternative but to transfer the cause to Cochise County. *Campbell v. Deddens*, 21 Ariz.App. 295, 518 P.2d 1012 (1974).

Generally speaking, in the absence of a statute providing otherwise, parties to an action are not limited to a single change of venue. 92 C.J.S. Venue § 211. In this jurisdiction, however, we do have a statutory limitation on changes of venue, A.R.S. Sec. 12–411(A), which provides that not more than one change of venue may be granted in any action.[1] Statutes which limit the number of changes of venue are considered mandatory in nature. 77 Am. Jur.2d, Sec. 50; 92 C.J.S. Venue § 211. We have held that when a proper request for change of venue has been made pursuant to A.R.S. Sec. 12–408, it is mandatory that the cause be transferred. *GAC Properties, Inc. of Arizona v. Farley*, 14 Ariz. App. 156, 481 P.2d 526 (1971). In that case, however, venue was properly laid in

---

1. This statute likewise provides that only one change of judge may be granted in any action, but Rule 42(f), Rules of Civil Procedure, which has the force of a statute, permits each side a change of one judge and of one court commissioner. This "two sides" approach as to judges has no counterpart as to venue.

Santa Cruz County and the plaintiff filed suit in such county; furthermore, there had been no prior change of venue. Such is not the case here.

It has been held that where a plaintiff voluntarily institutes an action in an improper county and files his complaint and obtains service on the defendant, he thereby waives his right to have the action removed to the county of his residence. See *Nello L. Teer Company v. Hitchcock Corporation*, 235 N.C. 741, 71 S.E.2d 54 (1952). We are of the opinion that the same principle applies here. Petitioner instituted this action in an improper county and therefore cannot now complain that the statutory limit on change of venue has been exhausted because the defendants properly exercised their privilege of having the action transferred to Cochise County. We hold, therefore, that petitioner was precluded from invoking A.R.S. Sec. 12–408(A) and the motion for change of venue was properly denied.

Relief denied.

HOWARD, C. J., and KRUCKER, J., concur.