585 P.2d 882

**STATE of Arizona, a Body Politic, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and the Honorable Robert O. Roylston, Respondents,**

**and**

**Rosemary HOOLEY, for and on behalf of herself as surviving spouse, Real Party in Interest.**

**No. 13863.**

Supreme Court of Arizona,
In Banc.

Oct. 16, 1978.

John A. LaSota, Jr., Atty. Gen. by Richmond K. Turner, Asst. Atty. Gen., James A. Teilborg, Sp. Asst. Atty. Gen., Phoenix, for petitioner.

Robert S. Wolkin, Tucson, for Real Party in Interest.

STRUCKMEYER, Vice Chief Justice.

This special action seeks review of a ruling of the Superior Court of Pima County which denied the State's motion for a change of venue. Jurisdiction was accepted pursuant to Rules of Procedure for Special Action, 17A A.R.S. Order of the Superior Court vacated.

Rosemary Hooley, real party in interest, filed a law suit against the State of Arizona on March 22, 1978, in the Pima County Superior Court, seeking damages for the wrongful death of her husband. The State timely filed a motion for change of venue. The motion for change of venue was denied, the minute entry order of the Superior Court stating:

"It appearing to the Court that the accident occurred in Pima County and that, since the Attorney General's office has Deputies stationed throughout the State, including Pima County, the requirements for transfer of venue of all cases effecting [sic] the State to Maricopa County no longer exist in the instances of automobile accidents, * * *."

A.R.S. § 12–821 provides:

"Persons having claims * * * for negligence against the state * * * may on the terms and conditions set forth in this article, bring action thereon against the state * * *."

A.R.S § 12–824(B) provides:

"Upon written demand of the attorney general, made at or before the time of answering, served upon the opposing party and filed with the court where the action is pending, the place of trial of any such action shall be changed to Maricopa County."

We stated in *Continental Casualty Company v. Industrial Commission,* 113 Ariz. 116, 118, 547 P.2d 470, 472 (1976), "[n]o rule is more positively settled than that in construing a statute if the language is plain there is no occasion for construction or interpretation." A.R.S. §§ 12–821 and 12–824(B) clearly provide that upon written demand of the Attorney General, the place of trial for any action for negligence brought against the State shall be changed to Maricopa County. The language is plain.

When the wording of a statute is clear and unambiguous, courts are not at liberty to determine the wisdom or necessity of the statute. *Ferguson v. Skrupa,* 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963); *Rochlin v. State,* 112 Ariz. 171, 540 P.2d 643 (1975); *Kilpatrick v. Superior Court,* 105 Ariz. 413, 466 P.2d 18 (1970); *Shaw v. State,* 8 Ariz. App. 447, 447 P.2d 262 (1968). The Superior Court erred when it failed to enforce the statute as written and created an exception based on its notions of social utility.

Respondent maintains that it is inequitable to force plaintiffs to bear the expense of trying their cases in Maricopa County, especially in a case like this where the accident occurred in Pima County, and a Body Politic outside of Maricopa County has been joined as a party defendant.[1] Our decision in *Stone v. State Highway Commission,* 93 Ariz. 384, 381 P.2d 107 (1963), is cited as authority for the proposition that this Court is free to effect "substantial justice" and disregard the mandatory wording of A.R.S. § 12–824(B). We do not think that *Stone* can be given the effect she urges.

In *Stone,* this Court abolished the common law concept of governmental immunity from tort liability, stating "that when the reason for a certain rule no longer exists, the rule itself should be abandoned." 93 Ariz. at 387, 381 P.2d at 109. While we are not reluctant to change the common law or "judge-made law" when we find it unjust or inappropriate, only the Legislature has the constitutional authority to correct deficiencies in a duly enacted statute. *Lueck v. Superior Court,* 105 Ariz. 583, 469 P.2d 68 (1970). Decisions concerning the wisdom, necessity, propriety or expediency of legislation are within the Legislature's exclusive province.

The Superior Court of Pima County is directed to set aside its order denying a change of venue in Cause No. 172875 and to enter an appropriate order consistent with this opinion.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.

---

1. The real party in interest joined the City of Oro Valley as a party defendant.