608 P.2d 49

**FORD MOTOR COMPANY, a corporation, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Michael E. Bradford, Judge thereof, Bruce Rinaldi, as Conservator of the Estate of Michelle Lynn Keener, a minor and Ray C. Brown, as Personal Representative of the Estate of Clayton E. Keener, deceased, real parties in interest, Respondents.**

1 CA–CIV 4887.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 25, 1979.

Murphy & Hazlett by Carl E. Hazlett, Scott Goering, Tucson, for petitioner.

Bolding & Zavala by Michael O. Zavala, Ed Bolding, Tucson, for respondents.

## OPINION

FROEB, Judge.

At issue in this petition for special action is the interaction of certain sections of the Arizona Revised Statutes dealing with change of venue.

The petition arises out of a suit originally brought in Pima County by the guardians (referred to as plaintiff) of Michelle Lynn Keener, a minor, for her personal injuries and the wrongful death of her parents in a car accident.

In the original Pima County action, both Ford Motor Company (referred to as Ford) and the State of Arizona were defendants. The State had the action moved to Maricopa County, pursuant to the requirements of A.R.S. § 12–824(B). That section provides that in cases where the plaintiff's claim against the state is for negligence or on contract, the place of trial may be moved in the following manner:

> Upon written demand of the attorney general, made at or before the time of answering, served upon the opposing party and filed with the court where the action is pending, the place of trial of any such action shall be changed to Maricopa County.

Subsequent to the transfer to Maricopa County, the State of Arizona settled plain-

tiff's claim against it, leaving Ford as the only remaining defendant in the action. As the State was no longer a party, plaintiff moved for a change of venue back to Pima County. The ground for its motion was that counsel for both plaintiff, defendant, Michelle Keener, the medical experts, and the physical evidence were all in Pima County. Plaintiff argued that the additional expense of trying the case in Maricopa County when the State was no longer a party militated in favor of its return to Pima County. Respondent judge granted the change of venue and ordered the case returned to Pima County. This special action followed.

It is established that a special action is the appropriate method for raising challenges to rulings on venue matters. *Yell v. Garrett*, 19 Ariz.App. 3, 504 P.2d 544 (1972). We assume jurisdiction of this matter pursuant to A.R.S. § 12–120.21(A)(3), but deny the relief requested by petitioner, Ford.

The primary position urged by Ford is that A.R.S. § 12–411(A) limits the parties to one change of venue and, since this action has already been transferred once (from Pima County to Maricopa County), respondent judge exceeded his jurisdiction when he ordered the case transferred back to Pima County. Ford further refers us to a case from Division Two of this court, *Haley v. Cochise County Hospital*, 27 Ariz.App. 484, 556 P.2d 332 (1976) in support of its argument. *Haley* is inapposite. It dealt with A.R.S. § 12–401(15), which states that when a county is sued, the action shall be brought in the county being sued. A.R.S. § 12–408(A) states that in a civil action, where a county is party, the opposite party is entitled to a change of venue to another county. Plaintiff brought suit against Cochise County Hospital in *Pima* County, contrary to A.R.S. § 12–401(15). This forced Cochise County to move for a change of venue to Cochise County Superior Court, whereupon plaintiff then moved for change of venue under A.R.S. § 12–408(A) to an-

other county. The court held that the limitation of one change of venue stated in A.R.S. § 12–411(A) precluded plaintiff from exercising her right under § 12–408(A) because that right had already been exercised, in effect, by the original filing in the wrong county.

In the present case, unlike *Haley*, the original venue in Pima County was not improper. A.R.S. § 12–824(B) provides the state with the right to have suits against it *moved* to Maricopa County when they are filed elsewhere, but the statute does not require that suits against the state must *originally* be filed in Maricopa County. This evidences a different legislative intent than that expressed in the venue requirements of A.R.S. § 12–401, and the rationale of *Haley* does not control.

We believe that if the legislature intended the one change of venue limitation in § 12–411 to apply to the situation in this case, it would have included suits against the state in the venue requirements of § 12–401.[1] We find that a change of venue at the instance of the State pursuant to A.R.S. § 12–824(B) is outside of the restrictions of A.R.S. § 12–411 and does not constitute the single change of venue contemplated by that section. The mandatory nature of a change of venue, if exercised by the State under A.R.S. § 12–824(B), coupled with the fact that it is set apart from the venue provisions of A.R.S. § 12–401, *et seq.*, in a different chapter of Title 12, leads us to this conclusion. We hold, therefore, that the respondent judge did not misinterpret A.R.S. § 12–411 when he granted the change of venue and returned the case to Pima County in accordance with A.R.S. § 12–406(B)(2) where "[T]he convenience of witnesses and the ends of justice would be promoted by the change."

Petitioner's prayer for relief is denied.

JACOBSON and DONOFRIO, JJ., concur.

---

1. The legislature considered suits involving the state as a plaintiff when it enacted § 12–401, as evidenced by subsection 17 which provides that suits filed "on behalf of the state shall be brought in [Maricopa County]."