687 P.2d 1295

**Richard L. REILLY and Elizabeth Reilly, husband and wife, Petitioners,**

**v.**

**The SUPERIOR COURT of Arizona In and For the COUNTY OF MARICOPA and the Honorable Edmund G. Noyes, Jr., a Judge thereof, Division 40, Respondents,**

**and**

**Michael S. LEVY and Michael S. Levy, D.O., P.C., an Arizona professional corporation, Respondent, Real Parties in Interest.**

**No. 1 CA–CIV 7685–SA.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 13, 1984.

Gerson & Bogart by John G. Bogart, Tucson, for petitioners.

Barry Allen Reiss, Phoenix, for respondent Michael S. Levy.

## OPINION

HAIRE, Presiding Judge.

In this special action proceeding petitioners contend that the trial court abused its discretion or exceeded its jurisdiction in denying their motion for transfer of venue from Maricopa County to Pima County. The principal issue presented is whether a named defendant waives his right to a change of venue by voluntarily filing an answer and contemporaneously moving for transfer of venue, without first having been served with the summons and complaint. Because it is well established that a special action is an appropriate procedure for raising challenges to rulings on venue matters, *Ford Motor Co. v. Superior Court*, 125 Ariz. 112, 608 P.2d 49 (1979), we have assumed jurisdiction and for the rea-

sons hereinafter stated we have granted relief by written order previously filed in this proceeding on July 25, 1984.

The material facts are as follows. In February 1984, respondents Michael S. Levy and Michael S. Levy, D.O., P.C., ("Levy") sued Richard L. Reilly, D.O., P.C. (a professional corporation which is not a petitioner here) and Richard L. Reilly and Elizabeth Reilly as individuals ("Reillys") for an accounting upon the termination of an alleged partnership. Upon filing of the complaint in Maricopa County, the clerk of the superior court issued a summons addressed to both Richard L. Reilly, D.O., P.C., and the Reillys in their individual capacities. Levy immediately obtained service upon the professional corporation, Richard L. Reilly, D.O., P.C., of a copy of the summons and complaint. Although the complaint alleged that the defendant professional corporation was the alter ego of petitioner Richard L. Reilly, Levy purposely did not obtain service upon the Reillys. It is undisputed that the Reillys were and are residents of Pima County.

In March 1984, the Reillys and Richard L. Reilly, D.O., P.C., who were represented by the same attorney, filed a joint answer to the complaint. The answer alleged, *inter alia*, the affirmative defense of improper venue. On the same date, the Reillys in their individual capacities also filed a motion for transfer of venue to Pima County, together with an affidavit by their counsel pursuant to A.R.S. § 12–404(A). After the filing of an objection by Levy and a reply by the Reillys, the respondent judge heard oral argument on the motion and denied the requested change of venue.

The Reillys note that A.R.S. § 12–401 provides that, subject to nineteen specific exceptions, "no person shall be sued out of the county in which such person resides ...." They argue that because they filed a timely motion for transfer of venue to Pima County supported by their counsel's affidavit that they reside in Pima County, the trial court was required to grant their motion. By failing to do so, they argue, the trial court acted in excess

of its jurisdiction, acted in an arbitrary and capricious manner, and abused its discretion.[1] We agree that the trial court was required to grant the Reillys' motion for transfer of venue under A.R.S. § 12–404. A defendant may insist upon being sued in the county of his or her residence, unless it is shown that the lawsuit falls within one of the nineteen exceptions under A.R.S. § 12–401. *Almadova v. Arnold*, 130 Ariz. 115, 634 P.2d 403 (App.1981). Under A.R.S. § 12–401(18), an action against a corporation may be filed in any county in which the corporation has an agent or representative, owns property, or conducts any business. Venue in Maricopa County was therefore proper as against Richard L. Reilly, D.O., P.C. It is settled under *Wray v. Superior Court*, 82 Ariz. 79, 308 P.2d 701 (1957) and *Wallen v. Jacobson*, 18 Ariz. App. 558, 504 P.2d 499 (1972), however, that A.R.S. § 12–401(18) "merely permits suit against a corporation as provided therein but does not authorize the joinder of a defendant residing outside the county when he makes timely objection." *Wray v. Superior Court*, 82 Ariz. at 83, 308 P.2d at 704.

■ Levy nevertheless contends that the Reillys waived their right to challenge venue under A.R.S. § 12–404 by voluntarily appearing and defending in the action without having been served with process. Levy cites no statute or case authority in support of that view, and we have found none through our own research. It is generally held under the Federal Rules of Civil Procedure, which have been substantially adopted in Arizona, that an objection to venue is waived only if the defendant makes a general appearance without raising his objection by motion or in his answer. Rule 12(b), (h), and (i), Arizona Rules of Civil Procedure; 1 Moore's Federal Practice, para. 0.146[6] at 1671–73 (1984).

*See Kloos v. Corcoran*, 643 S.W.2d 94 (Mo. App.1982). It seems obvious that a defendant who files a timely motion for transfer of venue concomitantly with his answer cannot be said to have "waived" the very venue objection he asserts merely because he has chosen to appear and assert it without insisting upon formal service of process. *Cf. Montano v. Scottsdale Baptist Hospital, Inc.*, 119 Ariz. 448, 581 P.2d 682 (1978) (a general appearance by a party who has not been properly served has exactly the same effect as proper, timely and valid service of process). In this case, Levy filed a lawsuit naming the Reillys as party defendants and caused the clerk of superior court to issue process directed to them. We hold that under those circumstances the Reillys' voluntary appearance and simultaneous assertion of an objection under A.R.S. § 12–404 did not operate as a waiver of that objection.

Levy also notes that A.R.S. § 12–406 provides for a change of venue on the ground "that the convenience of the witnesses and the ends of justice would be promoted by the change." A.R.S. § 12–406(B)(2). Levy contends:

"Technically, ARS Section 12–406 does not apply because no such formal motion was made by Respondents, but the trial court certainly does have the right to consider whether the inconvenience of the Pima County forum under the facts of this case should prevent the change of venue. Otherwise, a removal of the matter to Pima County would thereafter be followed by another motion for change of venue to Maricopa County on the forum non conveniens theory set forth in Arizona Revised Statutes Section 12–406."[2]

■ We do not agree. Where an action is brought in a county which is improper under A.R.S. § 12–401, and a timely request for change of venue has been

---

1. The Reillys also initially argued that Levy had failed to timely file a controverting affidavit in response to their motion, and that the trial court was therefore required to grant a transfer of venue pursuant to A.R.S. § 12–404(B). However, at oral argument before this court petition-

ers' counsel conceded that the controverting affidavit was timely filed.

2. *But see* A.R.S. § 12–411(A); *Ford Motor Co. v. Superior Court*, 125 Ariz. 112, 608 P.2d 49 (1979); *Haley v. Cochise County Hospital*, 27 Ariz.App. 484, 556 P.2d 332 (1976).

made, transfer is mandatory. *Wallen v. Jacobson*, 18 Ariz.App. 558, 504 P.2d 499 (1972). Unlike A.R.S. § 12–401; A.R.S. § 12–406 does not provide independent grounds for venue in the first instance. The trial court cannot properly consider the discretionary criteria provided by A.R.S. § 12–406 in ruling on a venue objection under A.R.S. §§ 12–401 and 12–404.

For the above reasons we have previously entered this court's order vacating the respondent judge's order denying the Reillys' motion for transfer of venue and have directed the entry of an appropriate order transferring the cause from Maricopa County to Pima County. In the exercise of the court's discretion, petitioners' request for attorney's fees incurred in this special action proceeding is denied.

GREER and FROEB, JJ., concur.