784 P.2d 684

Charles DUNN, Individually and as Statutory Trustee on behalf of Cheryl A. Diaz, Michael Paul Dunn, Debra Dunn, and Glen Allen, Petitioner,

v.

The Honorable James C. CARRUTH, Judge of the Pima County Superior Court; Superior Court of the State of Arizona In and For the County of Pima; The Honorable Marilyn A. Riddel, Judge of the Maricopa County Superior Court; Superior Court of the State of Arizona In and For the County of Maricopa; Elizabeth Kollar, as Widow and Executor for the Estate of Edward J. Kollar, Deceased, Respondents,

STATE of Arizona, Real Party in Interest.

Sally J. WYZYKOWSKI, Petitioner,

v.

The Honorable Norman FENTON, Judge of the Pima County Superior Court; Superior Court of the State of Arizona In and For the County of Pima; The Honorable Edward C. Rapp, Judge of the Maricopa County Superior Court; Superior Court of the State of Arizona In and For the County of Maricopa, Respondents,

STATE of Arizona, Real Party in Interest.

Nos. CV–89–0007–SA, CV–89–0073–PR.

Supreme Court of Arizona, En Banc.

Dec. 14, 1989.

Miller & Pitt, P.C. by Gus Aragon, Jr. and Jonathan W. Reich, Tucson, for petitioner Sally J. Wyzykowski.

Robert K. Corbin, Atty. Gen. by Mark F. Aceto, Asst. Atty. Gen., Phoenix, for real party in interest in CV–89–0073–PR.

CORCORAN, Justice.

In these consolidated cases, we examine the effect of the state's motion for a venue change, pursuant to A.R.S. § 12–822(B). We hold that a motion under A.R.S. § 12–406 is not precluded in cases removed to Maricopa County pursuant to A.R.S. § 12–822(B). We have jurisdiction under Ariz. Const. art. 6, § 5(1).

*Facts and Procedure*

1. *Dunn.* Marilyn and Glen Bennett died in a car accident occurring in Cochise County. The driver of the other vehicle, Edward Kollar, also died in the accident. At the time of his death, Kollar resided in Pima County and was a part-time employee of the Arizona Department of Corrections. Petitioner Dunn, as statutory trustee for the Bennetts' beneficiaries, filed a wrongful death action in Pima County Superior Court, alleging that the state was vicariously liable for Kollar's negligence.

The state moved for a venue change to Maricopa County pursuant to A.R.S. § 12–822(B), which provides:

> In an action against this state upon written demand of the attorney general, ... the place of trial of any such action shall be changed to Maricopa County.

Petitioner responded, arguing that § 12–822(B) was unconstitutional. The trial court granted the state's motion. We accepted jurisdiction on petitioner's special action petition to this court because special action is an appropriate procedure for raising challenges to venue rulings. *Ford Motor Co. v. Superior Court*, 125 Ariz. 112, 608 P.2d 49 (App.1979).

2. *Wyzykowski.* Sally Wyzykowski suffered injuries when she slipped on a sewer grate at a Tucson street corner. She filed a complaint in Pima County Superior Court against the city and the state, alleg-

Miller & Pitt, P.C. by Philip J. Hall and Jonathan W. Reich, Tucson, for petitioner Charles Dunn.

Jones, Skelton & Hochuli by Edward G. Hochuli and Robert K. Corbin, Atty. Gen. by Jonathan H. Schwartz, Asst. Atty. Gen., Phoenix, for real party in interest in CV–89–0007–SA.

ing negligent design, construction, repair, and maintenance of the curbing and drainage ditch at that location.

The state answered and moved for a venue change to Maricopa County, pursuant to § 12–822(B). Petitioner responded, arguing that § 12–822(B) was unconstitutional, but the trial court granted the state's motion. Petitioner, joined by the defendants other than the state, then moved for a venue change under § 12–406, which permits a venue change if "the convenience of witnesses and the ends of justice would be promoted by the change," or for "other good and sufficient cause, to be determined by the court." A.R.S. § 12–406(B)(2), (3). The trial court ultimately denied this motion.

Petitioner filed a special action petition with the court of appeals, but the court declined to accept jurisdiction. We granted petitioner's petition for review along with her motion to consolidate her case with *Dunn.*

### Discussion

Petitioners argue that A.R.S. § 12–822(B) violates various provisions of the Arizona and United States Constitutions. In response, the state argues in favor of the statute's constitutionality, contending that the statute has a rational basis. *See generally Bryant v. Continental Conveyor & Equip. Co.,* 156 Ariz. 193, 751 P.2d 509 (1988).

The Arizona Constitution authorizes the legislature to "direct by law in what manner and in what courts suits may be brought against the State." Ariz. Const. art. 4, pt. 2, § 18. We will assume that the phrase, "in what courts," empowers the legislature to prescribe venue, rather than, for instance, that all claims against the state be brought in the superior court or in a court of claims. *See, e.g.,* A.R.S. § 12–401(17) ("Actions *on behalf of* the state shall be brought in the county in which the seat of government is located.") (Emphasis added.)

■ However, the problem for the state is that § 12–822(B) does not direct where actions *against* the state are to be filed, but merely gives the Attorney General discretion, once the action has been filed, to change the venue to Maricopa County. Additionally, we can divine no legislative intent to abrogate the application of the general venue statutes to actions against the state. Thus, a plaintiff bringing an action against the state still must comply with the general venue statute, A.R.S. § 12–401, or be subject to a motion to dismiss for improper venue, *see* rule 12(b)(3), Arizona Rules of Civil Procedure, or a motion for venue change under A.R.S. § 12–404 (actions filed in wrong county). We note that in both these present cases venue was properly laid under the general venue statutes.

■ The state argues that a transfer to Maricopa County pursuant to A.R.S. § 12–822(B) preempts a later transfer for cause under A.R.S. § 12–406. Our acceptance of this argument would compel the conclusion that a trial court would be powerless to retransfer a case, even if it found that one or more parties could not obtain a fair trial in Maricopa County. Such a construction also clearly would bring into play the constitutional attacks leveled by the plaintiffs in these cases against A.R.S. § 12–822(B).

Even though the state has obtained a venue change to Maricopa County under A.R.S. § 12–822(B), other parties may also move for a venue change from Maricopa County under A.R.S. § 12–406. A party will not be precluded from moving for a venue change for cause under A.R.S. § 12–406 because the state has obtained transfer to Maricopa County.

■ We note that A.R.S. § 12–411(A) prohibits more than one change of venue per action. We agree with the reasoning of the court of appeals that "a change of venue at the instance of the state [pursuant to current A.R.S. § 12–822(B) ] is outside of the restriction of A.R.S. § 12–411 and does not constitute the single change of venue contemplated by that section." *Ford Motor Co. v. Superior Court,* 125 Ariz. 112, 113, 608 P.2d 49, 50 (App.1979). Although *Ford Motor Company* involved a

motion for change of venue made after the state had moved the case to Maricopa County and then had been dismissed from the action, we find no difference when the state remains a party after venue has been changed to Maricopa County. As the court of appeals reasoned, "[t]he mandatory nature of a change of venue, if exercised by the state under [A.R.S. § 12–822(B)], coupled with the fact that it is set apart from the venue provisions of A.R.S. § 12–401, et seq., in a different part of Title 12, leads us to this conclusion." *Ford Motor Co.*, 125 Ariz. at 113, 608 P.2d at 50. *See also State v. Superior Court*, 120 Ariz. 273, 585 P.2d 882 (1978) (state's request to change venue to Maricopa County is mandatory, and trial court would not have discretion to deny motion because of factors involving the inconvenience of the forum). Thus, we do not find A.R.S. § 12–411 to be a bar to a plaintiff's motion for change of venue after the action has been moved to Maricopa County at the state's request.

In deciding a motion for venue change from Maricopa County under A.R.S. § 12–406, the trial judge should weigh the state's interest in having the matter decided in Maricopa County against other considerations, such as

> the relative ease of access to sources of proof, the availability of compulsory process to obtain the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, and all other practical problems making trial of the case easy, expeditious and inexpensive.

*Cohen v. Superior Court*, 14 Ariz.App. 406, 408, 484 P.2d 18, 20 (1971). The trial court also should be mindful of the caveat expressed by the United States Supreme Court:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055

(1947). Because we have interpreted the statutes in such a way that petitioners are not precluded from presenting their arguments to the Maricopa County Superior Court about the inconvenience of Maricopa County as a forum, we need not address their constitutional arguments directed to the validity of A.R.S. § 12–822(B).

We reiterate our previous holding that a determination under § 12–406 "must be bottomed on a hearing at which convincing evidence is produced that Maricopa County is 'venue non conveniens.'" *Dunn v. Superior Court*, 102 Ariz. 198, 201, 427 P.2d 516, 519 (1967). A simple assertion that Maricopa County is an inconvenient forum will not be sufficient to obtain a venue change under § 12–406(B)(2). The burden of proof is on the moving party, who must show "a balance of interests favoring transfer." *Cohen*, 14 Ariz.App. at 408, 484 P.2d at 20. The moving party must present convincing evidence, for example, concerning the number and location of witnesses, the substance of their testimony, the expense of trying the case in Maricopa County, and any other factors showing that "the ends of justice would be promoted by the change." A.R.S. § 12–406(B)(2).

To the extent that *Cooke v. Berlin*, 153 Ariz. 220, 735 P.2d 830 (App.1987), and *Johnson v. University Hospital*, 148 Ariz. 37, 712 P.2d 950 (App.1985), are inconsistent with this opinion, they are disapproved.

### Conclusion

We hold that the transfer of a case to Maricopa County pursuant to A.R.S. § 12–822(B) does not preclude a party from seeking to change venue for cause under A.R.S. § 12–406. In light of our disposition of these cases, we need not address petitioners' arguments concerning the constitutionality of § 12–822(B). We remand both cases to the Maricopa County Superior Court for proceedings not inconsistent with this opinion.

GORDON, C.J., and CAMERON and MOELLER, JJ., concur.

FELDMAN, Vice Chief Justice, specially concurring:

I concur in the court's conclusion that the doctrine of *forum non conveniens*, incorporated in A.R.S. § 12–406, should be applied to situations in which A.R.S. § 12–822(B) permits the state to change venue to Maricopa County.

I write separately because the court has ignored the only questions raised and argued. I would reach the constitutional issues presented by the parties.

For purposes of this concurrence, I need point out only that the statute gives the state the exclusive privilege of transferring all tort cases to Maricopa County, the most congested of the urban centers of the state, for reasons irrelevant to any rational, let alone compelling, state interest. *See Cooke v. Berlin,* 153 Ariz. 220, 229–30, 735 P.2d 830, 839–40 (Ct.App.1987) (Corcoran, J., dissenting).

The change of venue statute may be an economic boon for Maricopa County lawyers, but the only justification advanced for the disparate treatment favoring the state is that the statute serves the convenience of the attorney general's office and thus of the state. I cling to the view that the attorney general's office and the state government as a whole exist to serve the convenience of the state's citizens. Our citizens would be better served if they were not forced to travel to Phoenix to litigate their rights. It is no inconvenience to the state to argue its cases in the venue proper for *all* litigants. In any event, I do not believe the convenience of the lawyers representing the state provides a constitutional basis justifying such disparate treatment.

For the reasons set forth in the dissent in *Cooke,* I would put an end to this chronically recurring problem and hold that A.R.S. § 12–822(B) violates art. 2, §§ 13 and 4 and art. 18, § 6 of our constitution.